LEE MURPHEY V. THE STATE.

No. 11572.   Delivered May 2, 1928.

**1.—Transporting Intoxicating Liquor—Indictment—Misspelling of Word— Not Material.**

Where an indictment omitted the letter "x" from the word intoxicating, leaving the word spelled "intoicating," the error would not vitiate the indictment. It has often been held that bad spelling will not vitiate an indictment if the sense is not affected and the meaning cannot be mistaken. See Branch's Ann. P. C., Sec. 490, and cases collated. Brumley v. State, 11 Tex. Crim. App. 114.

**2.—Same—Evidence—Of Circumstantial Character—Not Sufficient.**

Where appellant, with other parties, was observed by officers to approach a maize stack in which was hidden several jars of whiskey, one

of the others took a jar, opened it and drank from it and then handed it to appellant, who was in the act of taking a drink when the officers appeared, and as they did so appellant poured out the whiskey in the jar held by himself, on the ground, moving a few feet as he did so, these facts were not sufficient to overcome the reasonable doubt and the judgment must be reversed.

Appeal from the District Court of Crosby County. Tried below before the Hon. Homer L. Pharr, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

The fact that in writing the indictment the word "intoxication" was misspelled by the omission of the letter "x," thereby forming the word "intoication," would not require a reversal of the judgment. It has often been held that bad spelling will not vitiate an indictment if the sense is not affected and the meaning cannot be mistaken. See Branch's Ann. Tex. P. C., Sec. 490, and cases collated, including Brumley v. State, 11 Tex. Crim. App. 114.

Upon the farm of a man named Lemly, in which the appellant was not shown to have had any interest, and which farm was situated about five miles from Crosbyton, an officer discovered under a shock of maize several half-gallon jars of whiskey. This occurred in the afternoon. The officer notified other officers, and after dark they went together to the place and concealed themselves. The appellant and one Thedford stopped their car upon the road and came to the shock at which the whiskey was deposited. Thedford was not prosecuted but testified in behalf of the appellant that the whiskey belonged to one "Slim;" that he (Thedford) knew of its whereabouts and invited the appellant to go to the shock and drink some whiskey. Another witness testified that he heard the conversation between Thedford and the appellant. Thedford testified that upon reaching the shock he opened a jar of whiskey and took a drink therefrom; that he passed it to the appellant, who was in the act of drinking it when the officers disclosed themselves. Upon observing the officers, both Thedford and the appellant started to run away. The appellant having a jar of whiskey in his

hand, emptied it as he ran, and after he got a short distance from the shock, he dropped or threw the jar upon the ground. The testimony of the officers is to the effect that before the appellant was overtaken, he had moved twenty-five or thirty steps from the shock under which the whiskey had been deposited. It is apparent from their testimony that as the appellant moved away the whiskey was pouring from the jar. It was open, and the top of the jar was found upon the ground a few feet from the shock of maize.

The evidence that the appellant was transporting whiskey seems circumstantial, and the circumstances appear quite as consistent with his theory as developed by his testimony and that of his witnesses as with the theory of the state. The jar of whiskey was open and therefore not in a condition to transport. He was startled by the appearance of the officers, and while pouring out the whiskey he moved a few steps from the shock. We are of the opinion that the evidence does not meet the measure of circumstantial evidence which the law requires. It is not inconsistent with any hypothesis save his guilt. It is consistent with his innocence of the offense of which he was convicted. The sufficiency of the evidence to overcome the presumption of innocence and establish his guilt beyond a reasonable doubt is in such doubt that this court does not feel warranted in affirming the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*