## JOHNIE REED v. THE STATE.

No. 21217. Delivered November 6, 1940.

The opinion states the case.

*C. O. McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $100.00 assessed by the County Court of Erath County on complaint charging Johnie Reed with unlawfully transporting ten pints of intoxicating liquor.

The appeal is predicated principally on the insufficiency of

the evidence. Ira Tackett, a deputy sheriff, together with Ross Wright, Jesse Brooks and Mr. Wilder, were together and saw Johnie Reed in a 1937 model V-8 tan colored car running very fast, going west. He declined to stop and Tackett took after him, following him for several miles. Appellant gained speed and got out of sight. Witness then says he saw appellant coming out from under a gate, but he jumped in his car and left before the witness reached him. Later witness and others returned to the gate and made a search in that vicinity, resulting in finding nine pints of whisky and one pint of alcohol. These were thirty seven steps from the gate in a field. They found boot tracks four or five feet apart leading from the gate to the whisky and return. The size of these tracks were, "about size six or seven."

On cross-examination the witness admitted that he did not see the appellant coming out from under the gate, but, "I stated I saw Johnie Reed coming from under a gate and telling what he was doing, he just raised up. When I saw him raise up he was about six or eight feet from the automobile; just a short distance from the automobile, that was really all I saw, just saw him raise up."

The witness did not see the appellant with boots on that day and doesn't know whether he was wearing them or not. He did not see the appellant with any of the whisky in his possession, but merely found it in a field thirty seven steps from the gate. According to a number of witnesses, this was a gate used frequently every day by people going in and out to a dairy.

Ray Parr testified that he saw a car stop at this particular point about half or three fourths of a minute. He thought it was a car driven by Johnie Reed. He did not see Reed get out of the car. He saw Tackett about thirty minutes after that. The car which he saw was a light tan coupe. He was present when Tackett returned and saw him searching on both sides of the road. He said that the gate sets back eight or ten feet from the fence. On the east side, the direction of the approach, there was some high blue sage. He says further that you could not see the gate or the road 300 yards away from the east.

John Wright, a deputy sheriff, testified that he saw the tracks leading to the whisky; that they were made by boots and were three or four feet apart. The size of the boot was a six or seven. He never saw appellant in possession of the whisky. On cross examination he said he had known Johnie Reed all of his life and never saw him take steps like the ones leading to the whisky; that he walks very fast, but takes short steps. He

says that the gate sets back into a fence from the road and that a person 300 yards east could not see him raise up at the gate, but he would have to be something like four feet away. He says the brush on the fence row would obstruct the view at the gate.

Robert McDougal, another witness for the State, says that he met the appellant on the highway in front of the pursuing officer and that he was driving a white top Chevrolet, a blue car. He identifies the appellant as the driver. Both cars were traveling very fast and in the same direction headed west.

Vance Johnson, called by the State, testified that he knew Johnie Reed and Ira Tackett. He saw Johnie Reed on the occasion in question and he was driving a yellow V-8, not a blue Chevrolet.

Robert McDougal, recalled by the State, said that he could not swear what color the car was. On cross examination he further testified as follows:

"As to my saying this morning that it was a blue Chevrolet, well, uh. . ..No one has been talking to me since noon. No, Mr. Barham has not been talking to me. As to how come me to decide that I don't remember about the color of the automobile. . . . well . . uh . . . or . . . I did not talk to anyone . . . No one has been talking to me."

Appellant didn't testify in his own behalf, but placed a witness on the stand, a shoe salesman, who swore that appellant wore a number 9-D shoe.

The foregoing constitutes a fair statement of all the evidence connecting appellant with the whisky that was found, and is wholly insufficient to warrant a conviction. Flight is the only evidence of guilt, and flight alone is insufficient. It might indicate guilt or fear from any other cause, and, yet, it might not be motivated by either. In no event could it be said to indicate the offense. Standing alone, it is insufficient to warrant a conviction. Murphey v. State, 109 Tex. Cr. R. 524; 5 S. W. (2d) 988; West v. State, 93 Tex. Cr. R. 370, 248 S. W. 371; Thompson v. State, 65 S. W. (2d) 299.

The case is distinguishable from Howle v. State, 55 S. W. (2d) 838, in that the whisky in that case was found in Howle's possession. Flight was shown as evidence of transportation. In the instant case we have no direct evidence that appellant had ever possessed the whisky or had any connection with it. The fact that he stopped at a gate, and the State's own evidence is

conflicting on this, is no evidence of his connection with the whisky in the position where it was found. Had the tracks leading to and from the whisky been identified as the tracks of appellant, we would have a different question. In the absence of testimony showing some connection between the whisky found and the appellant, the evidence was insufficient upon which the jury may find him guilty.

The judgment of the trial court is reversed and the cause remanded.