FAY HELEN GAUTHIA V. STATE

No. 34,003.   December 13, 1961

*John Cutler*, Houston, for appellant.

*Frank Briscoe*, District Attorney, *Samuel H. Robertson, Jr.*, Assistant District Attorney, Houston, and *Leon Douglas*, State's Attorney, Houston, for the state.

DICE, Judge.

The conviction is for aggravated assault; the punishment, 180 days in jail and a fine of $150.

The record contains no statement of facts and there are no bills of exception.

Appellant predicates her appeal upon the contention that the complaint and information failed to charge an offense because the word "premeditated," used therein, was misspelled "premediated." No exception or motion to quash the complaint and information was filed by appellant in the trial court.

We find no merit in the contention.

The complaint and information charged, in separate counts, two different ways by which appellant committed the aggravated assault upon the injured party. The second count charged aggravated assault by the infliction of serious bodily injury and the third count charged aggravated assault committed with premeditated design and by the use of means calculated to inflict great bodily injury.

Both counts were submitted to the jury and the jury by its verdict found appellant guilty of aggravated assault by the infliction of serious bodily injury, as was charged in the second count of the information. Appellant was not found guilty of aggravated assault when committed with premeditated design, as charged in the third count.

The misspelling of the word "premeditated," in the third count of the complaint and information would not render invalid such count of the State's pleadings. It is the rule that the misspelling of a word does not render invalid an otherwise good indictment or information if the sense is not affected and the meaning cannot be mistaken. Weeaks vs. State, 163 Tex. Cr. R. 226, 289 S.W. 2d 758.

The judgment is affirmed.

Opinion approved by the Court.