Bennett Ray ABLON, Appellant,

v.

The STATE of Texas, Appellee.

No. 52171.

Court of Criminal Appeals of Texas.

June 9, 1976.

James P. Finstrom (court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., Gary Love and Phil Dixon, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. Appellant pled guilty before the court on October 22, 1974, to the offense of possession of a controlled substance, to-wit: lysergic acid diethylamide, and punishment was assessed at three (3) years' confinement. The imposition of the sentence was suspended, and appellant was placed on probation subject to certain conditions of probation. Among the conditions of probation appellant was to:

"(a) Commit no offense against the laws of this or any other state or the United States."

A motion to revoke probation was filed on April 15, 1975, and amended motions to revoke were filed on July 23 and August 6, 1975. On September 3, 1975, another amended motion was filed. It alleged in part that on July 13, 1975, in Dallas County the appellant "did intentionally, knowingly and unlawfully possess a dangerous drug, to wit: Diazedam."

At the conclusion of the hearing on such motion on September 3, 1975, the court revoked probation for violation of probationary condition (a) in that he possessed "diazepam."

Initially appellant complains that the court erred in admitting into evidence the pills or drugs found on his person at the time of his warrantless arrest and search incident thereto.

Dallas City Police Officer S. B. Christian testified he was on patrol at 10:45 a. m. on July 13, 1975, when he received a police radio call that a suspicious person wearing a cowboy hat and boots, blue jeans and a green tank top shirt was in a fenced backyard at 4317 Shady Bend, where no one was home. The area described was a high burglary area.

When Christian drove down Shady Bend a short time later, he saw the appellant at the east side of the house at 4335 Shady Bend wearing the exact clothes given in the radio call. The house at 4335 Shady Bend was two houses away from 4317 Shady Bend. Christian drove into the driveway at 4335 Shady Bend and approached the appellant. When the appellant told Christian he did not live there, Christian asked for identification, which showed he lived several miles away. Christian then asked the appellant to step to the squad car and patted him down for a weapons search and noted a bulge in his pants pocket. The appellant took the bottle out and the officer took it. It was unlabeled and contained ten pills. The chain of custody was traced, and the chemist testified that after certain tests it was concluded the pills were diazepam, whose trade name is valium.

On cross-examination Christian testified that appellant was with a girl at 4335 Shady Bend who had told him that she lived there and the appellant had her permission to be there.

Cheryl Sayles testified that appellant was her boyfriend and was at the house with her permission when Officer Christian arrested him. She saw the bottle being taken from the appellant, and when shown the exhibit identified the pills as valium.

Appellant's mother testified that the pills in question were hers.

Testifying in his own behalf, appellant stated he had been in the yard at 4317 Shady Bend when a man approached, asked his name and inquired what he was doing there. He stated that he then returned to his girlfriend's house. He admitted upon the court's questioning that he had the bottle with the pills in his pocket and that he had gotten the pills from his mother.

■ Circumstances falling short of probable cause for an arrest may justify temporary detention for purposes of investigation since an investigation is considered to be a

lesser intrusion upon the personal security of an individual than is an arrest. See *Mann v. State*, 525 S.W.2d 174 (Tex.Cr.App. 1975); *Hernandez v. State*, 523 S.W.2d 410 (Tex.Cr.App.1975); *Borner v. State*, 521 S.W.2d 852 (Tex.Cr.App.1975); *Wood v. State*, 515 S.W.2d 300 (Tex.Cr.App.1974); *Baity v. State*, 455 S.W.2d 305 (Tex.Cr.App. 1970); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

After receiving the call over the police radio, Officer Christian found the appellant wearing the exact clothing described only two houses from the location given in the call. It was in a high burglary area at the time most burglaries in that area occurred. Appellant's identification showed he lived several miles away. He was asked to step to the squad car and, for the officer's own safety, a pat down for weapons was made by the officer, who felt a hard object. The bulge in the pants pocket was obvious. The appellant removed the bottle from his pocket and the officer took the same from him.

In *Terry v. Ohio*, supra, the Court wrote:

"The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." See also *Cox v. State*, 442 S.W.2d 696 (Tex.Cr.App.1969).

■ We deem the frisk by the officer to have been proper under the circumstances. The evidence was properly admitted.

■ We also observe in passing that the revocation motion also alleged that appellant failed to work faithfully at suitable employment as far as possible. We observe at the conclusion of the hearing the court orally announced it was revoking probation for possession of dangerous drugs, but the written order revoking probation entered the same day also showed revocation was based upon failure to work faithfully at suitable employment as far as possible. The evidence would support such finding, and as we noted in *Balli v. State,* 530 S.W.2d 123 (Tex.Cr.App.1975), the written

order controls over the oral announcement, and this is particularly true where the written order is included in the appellate record to which no objection has been addressed.

Next, appellant complains there was a material variance between the allegations in the amended motion to revoke probation filed on September 3, 1975, and the proof in that the motion alleged he possessed "diazedam" and the proof showed he possessed "diazepam." The chemist testified that the correct spelling of the name of the drug was "diazepam."

■ It is a rule that the misspelling of a word does not render invalid an otherwise good indictment or information if the sense is not affected and the meaning cannot be mistaken. *Gauthia v. State*, 171 Tex.Cr.R. 522, 352 S.W.2d 129 (1961); *Weeaks v. State*, 163 Tex.Cr.R. 226, 289 S.W.2d 758 (1956). In *Lute v. State*, 166 Tex.Cr.R. 357, 314 S.W.2d 98 (1958), it was held that the spelling of the narcotic drug as "herion" instead of "heroin" did not vitiate the indictment. See also *Florence v. State*, 160 Tex.Cr.R. 591, 273 S.W.2d 631 (1954); *Murphey v. State*, 109 Tex.Cr.R. 524, 5 S.W.2d 988 (1928).

■ Further, we note that the allegations of a revocation motion need not meet the requirements of an indictment, and it is enough that such pleadings give the probationer fair notice of the allegations against him so that he may prepare a defense. See *Figgins v. State*, 528 S.W.2d 261 (Tex.Cr.App.1975); *Antwine v. State*, 518 S.W.2d 830 (Tex.Cr.App.1975); *Fowler v. State*, 509 S.W.2d 871 (Tex.Cr.App.1974).

■ There was no motion to quash the revocation motion. We do not think the spelling of the drug affected the meaning of the revocation motion or that the appellant was misled thereby.

Appellant's contention is overruled.

■ Lastly, appellant contends the evidence is insufficient to show that diazepam is a dangerous drug as classified by the Texas Controlled Substances Act (Article 4476–15, Vernon's Ann.C.S.). The chemist

testified diazepam, whose trade name was valium, was a tranquilizer, and stated the same was a dangerous drug. Article 4476–15, Sec. 2.17(1), Vernon's Ann.C.S., provides that tranquilizers are dangerous drugs regulated by the Act. We conclude the evidence was sufficient to show the appellant was in possession of a dangerous drug.

Appellant's contention is overruled.

The judgment is affirmed.