**Edward Allen MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00287 CR.**

Court of Appeals of Texas, Dallas.

March 1, 1982.

 

Ross Teter, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, STOREY and ALLEN, JJ.

CARVER, Justice.

Edward Allen Moore was convicted of the offense of unauthorized use of a motor vehicle, enhanced by two prior felony convictions. After a finding of guilt as to the primary offense and "true" to the enhancement allegations, punishment was assessed at life imprisonment. We affirm.

On appeal, Moore, admits that the evidence established each of the elements of the offense charged; however, he asserts that in the course of the trial several errors occurred which require reversal. Moore complains that: (1) the court erred by its failure to dismiss for want of a speedy trial; (2) the court erred when it arraigned Moore before the jury; (3) the court erred when it admitted evidence of extraneous offenses; (4) the court erred when it admitted illegally obtained evidence; (5) the court erred when it failed to grant a mistrial for the prosecutor's improper jury argument; (6) that the automatic life imprisonment sentence is unconstitutional; and (7) that one prior conviction used for enhancement is void.

(1) *Denial of Speedy Trial*

Moore contends that the trial court erred by its failure to dismiss, on timely motion, for want of a speedy trial. Tex. Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp. 1980–81). A hearing was held on the motion to dismiss. Moore urges that the record reflects that the State failed to announce ready within the prescribed 120 day time period. We disagree. Moore was originally indicted in July 1979, and the State announced ready on July 25, 1979, within the prescribed time period. Upon learning of prior felony convictions the State sought to enhance punishment as a habitual criminal and reindicted Moore. This second indictment, which contained the same primary offense plus two prior felony

convictions, was returned in October, 1979, and the State announced ready on October 25, 1979, also within the prescribed time frame. Because of a spelling error in the offense charged in one of the enhancement paragraphs, it was necessary to correct the clerical error by the third indictment upon which trial was had. In *Ablon v. State*, 537 S.W.2d 267 (Tex.Cr.App.1976), the court held that spelling mistakes do not render invalid an otherwise proper indictment, as long as the sense is not affected and the meaning cannot be mistaken. *Id.* at 269. Therefore, applying *Ablon* to our facts, we find that the mere transposition of two letters in an enhancement allegation would not invalidate the indictment. Since the State was prepared for trial and announced ready on second indictment within the time limitations of the Speedy Trial Act, Tex. Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp. 1980–1981), we overrule the contention.

### (2) *Arraignment Before the Jury*

Moore contends that the court improperly arraigned him in the presence of the jury. We find no evidence in the record to support this contention. Our review of the record shows only that, following the reading of the indictment, Moore answered not guilty to the offense charged therein, which act comports with the rules of procedure. Tex.Code Crim.Pro.Ann. art. 36.01(2) (Vernon 1974). We overrule this contention.

### (3) *Extraneous Offenses*

Moore contends that the court, over objection, improperly admitted into evidence a pistol and twelve hubcaps found in the vehicle he was driving at the time of his arrest. He submits that such evidence was improper because it concerned the possible commission of extraneous offenses. At trial, Moore objected to their admission on different grounds. Since Moore's contention on appeal differs from his trial objection, we find no error was preserved. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex.Cr. App.1980). We overrule this contention.

### (4) *Obtained By An Unlawful Search*

Moore complains that the stop and search of the automobile he was driving, which revealed twelve wire wheel hubcaps, was unlawful. Consequently, he argues that the fruits of the illegal search were tainted and should have been excluded. We disagree. The record reflects that Moore was initially detained for the offense of speeding, a lawful stop. Incident to that stop, the officers saw the twelve hubcaps in plain view in the backseat, an act not a search within the Fourth Amendment. *United States v. Gulledge*, 469 F.2d 713 (5th Cir. 1972). The officers were not required to ignore the significance of the items in plain view although their full import could not be determined without some investigation. When asked about the hubcaps, Moore told the officers that he was taking them to his place of business "A–1 Auto Supply," on Lake June Road; however, the officer had personal knowledge that no such business existed on Lake June Road. Additionally, the officers' investigation revealed that the security cables on the hubcaps had been severed and a pair of cable cutters were found on the car seat. We find that these facts provided probable cause for the officers to believe the hubcaps were stolen and for the officers to take custody thereof. We overrule this contention.

### (5) *Jury Argument*

Moore's counsel objected to the prosecutor's statement "[T]hat's how they say big drug dealers run their business," because such was not a reasonable deduction from the evidence. We disagree. Moore testified that he did not use the car without authority of the owner because he was actually delivering unlawful drugs for the owner of the car at the time of his arrest. Additionally, Moore testified that he had over $8,000 of the owner's money on him at the same time. This testimony was patently offered to support Moore's claim of authorized use in that delivering such drugs and possessing such money was consistent with the owner also entrusting him with

the car. The prosecutor's agreement merely sought to show the absurdity of Moore's testimony by appealing to the jury's common sense to show the unlikelihood that Moore's testimony was true. We find the prosecutor's argument based on a reasonable deduction of the evidence presented in Moore's defense as well as being based on common knowledge. *See Salinas v. State,* 542 S.W.2d 864 (Tex.Cr.App.1976). No error is reflected.

**(6)** *Punishment Unconstitutional*

 Moore challenges the constitutional validity of the Texas statute governing habitual offenders, Sec. 12.42(d), Tex. Penal Code (Vernon 1974). The Texas statutory scheme for habitual criminals was approved in *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); we find that case controlling. No error is shown.

**(7)** *Invalid Prior Felony Conviction*

Moore contends that one of the prior felony convictions used to enhance punishment under Sec. 12.42(d) was void. He argues that at the time he was convicted on a plea of guilty, he was within the exclusive jurisdiction of the juvenile court; therefore, the district court was without jurisdiction and its judgment was void. Since the prior conviction was void, Moore submits that this case should be reversed and remanded for a new assessment of punishment. We disagree. Moore's counsel merely alleged that there was some fatal defect in the district court's jurisdiction of the prior felony but no evidence of any kind was offered in support of the allegation. In his collateral attack on a conviction, the burden of showing the judgment was void rests with Moore. *Ex Parte Guzman,* 589 S.W.2d 461, 464 (Tex.Cr.App.1979) (en banc). The State made a prima facie showing that the judgment and sentence were regular on their face and, there being no affirmative showing of any defect by Moore, we find the presumption of regularity in the judgment must prevail. *See Guzman, supra* at 464; *Green v. State,* 510 S.W.2d 919 (Tex.Cr.App.1974); *Cf. Ex parte*

*Brooks,* 579 S.W.2d 250, 251 (Tex.Cr.App. 1979) (en banc) (factual allegations supported by record). No error is shown.

Apart from his counsel, Moore has submitted a pro se brief alleging numerous grounds of error. Moore's counsel has filed an extensive brief. There is no right to hybrid representation, *Rudd v. State,* 616 S.W.2d 623, 625 (Tex.Cr.App.1981). Further, since our examination of the contentions raised reveals no error that should be considered in the interests of justice, the pro se brief presents nothing for review. The judgment is affirmed.