Juan CANTU, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–96–031–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 27, 1997.

Rehearing Overruled April 17, 1997.

Boyd William Bauer, Beeville, for appellant.

George P. Morrill, II, District Attorney, Herbert B. Hancock, Assistant District Attorney, Beeville, for appellee.

Before SEERDEN, C.J., and HINOJOSA and YAÑEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Juan Cantu, appellant, was convicted by a jury of the offense of Possession of a Controlled Substance in a Penal Institution after entering a plea of not guilty. The court assessed punishment at 30 years imprisonment. We affirm.

The facts of this case are undisputed. On November 15, 1994, appellant was standing in the recreation yard at the Texas Department of Criminal Justice—McConnell Unit near a fenced area where two recreational yards join. Inmates were required to stand at least five feet away from the fence if they visited with individuals on the other side. Appellant was observed less than five feet from the fence and acting in a suspicious manner. He was therefore searched. As a result of the search, a match box containing two cellophane bulb-shaped articles, later found to contain heroin, was recovered from the person of appellant.

Appellant was charged with Possession of a Controlled Substance in a Penal Institution. He made a timely motion for directed verdict at the close of the State's case which was denied. He was subsequently convicted and sentenced to 30 years imprisonment.

By his first two points of error, appellant asserts that the trial court erroneously denied his motion for a directed verdict at the close of the State's case in chief. "[A] challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction." *Cook v. State*, 858 S.W.2d 467, 470 (Tex.Crim.App.1993); *Rodriguez v. State*, 888 S.W.2d 211, 214 (Tex. App.—Corpus Christi 1994, no pet.).

In reviewing the sufficiency of the evidence, the reviewing court must determine whether, after viewing the entire body of evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements to have been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Joseph v. State*, 897 S.W.2d 374, 376 (Tex.Crim.App. 1995); *Rodriguez*, 888 S.W.2d at 214.

Appellant argues, in his first point, that there was no evidence that appellant knew the object he possessed was contraband. We disagree.

To prove unlawful possession of a controlled substance, the State must show not only that the defendant has exercised actual care, control, or custody of the substance, but also that he had been conscious of his connection with it and known what it was. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim.App.1995). Evidence which affirmatively links a defendant to the controlled substance suffices for proof that he possessed it knowingly. *Id.*

In the instant case, it is beyond dispute that appellant had possession of the controlled substance. The only issue is whether appellant knew that the object he possessed was contraband. Circumstantial evidence of a defendant's guilty knowledge, however, is not required to meet the same rigorous criteria for legal sufficiency as circumstantial proof of other offensive elements. *Brown*, 911 S.W.2d at 747. Proof of knowledge is an inference to be drawn by the trier of fact from all the circumstances. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex.Crim.App. 1978); *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex.App.—El Paso 1995, pet. ref'd). The State established the following affirmative links thereby showing appellant's knowing possession of the heroin found on his person on November 15, 1994:

1. Appellant was observed in a suspicious area under suspicious circumstances. Specifically, appellant was observed up against the fence, in violation of prison rules, in a corner.

2. Appellant seemed nervous when approached by officers.

3. Inside the match box were two cellophane bags containing what was later determined to be heroin.

4. Two match boxes, similar to the one found on appellant, were found in his property along with razor blades removed from appellant's razor.

Based on the relative logical force of these factors, we hold that the evidence is sufficient to affirmatively link appellant to the heroin and establish his knowing possession of the heroin. Accordingly, appellant's first point of error is overruled.

■ In his second point of error, appellant again claims that the trial court erred when it denied his motion for directed verdict. Here appellant claims that because the State's indictment alleged appellant possessed "herion" and there is no evidence that "herion" is a controlled substance or that appellant possessed "herion," there is insufficient evidence to support his conviction.

In *Ablon v. State*, 537 S.W.2d 267, 269 (Tex.Crim.App.1976), it was held that the misspelling of a word does not invalidate an otherwise good indictment if the sense is not affected and the meaning cannot be mistaken. *See also Gauthia v. State*, 171 Tex.Crim. 522, 352 S.W.2d 129 (App.1961). In fact, it has previously been held that the misspelling of the narcotic drug as "herion" rather than "heroin" does not invalidate the indictment. *Lute v. State*, 166 Tex.Crim. 357, 314 S.W.2d 98 (App.1958).

Additionally, in appellant's indictment, there was also an allegation that appellant possessed a controlled substance. Accordingly, the meaning of the indictment, even with the misspelled word, could not have been mistaken and appellant could not have been prejudiced in the preparation of his defense.

We overrule appellant's second point.

■ In his third point of error, appellant complains that the prosecutor committed fundamental error during jury argument when he referred to appellant's failure to deny the allegations made against him during trial. Specifically, during closing argument, the District Attorney told the jury that they "[h]eard no evidence that the Defendant made any denial of what was in that box from this witness stand." Appellant properly preserved error by lodging an objection to this statement. Appellant contends that this remark called the jury's attention to the absence of evidence that only testimony from appellant could supply, and thus constituted a comment on appellant's constitutional right not to testify against himself requiring reversal. *Johnson v. State*, 611 S.W.2d 649, 650 (Tex.Crim.App.1981).

■ Proper prosecutorial jury argument should generally fall within one of the following categories: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to argument of opposing counsel, and (4) pleas for law enforcement. *Lawson v. State*, 896 S.W.2d 828, 833 (Tex. App.—Corpus Christi 1995, pet. ref'd). Although appellant chose not to testify at trial, he introduced a copy of the statement he gave to the authorities after the incident in his defense. In the statement, he denied that he knew the match box taken from him contained heroin. Because appellant chose to introduce this statement as evidence of his lack of knowledge, the State had the right to rebut the statement. Therefore, the prosecutor's statement that the jury "heard no evidence that the Defendant made any denial of what was in that box from the witness stand" was a reasonable summation of the evidence admitted. As such, we find no error in the prosecutor's jury argument. Appellant's third point of error is overruled.

Having overruled all points of error, the judgment of the trial court is affirmed.