Ricky Lagene Nichols v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-051-CR

     RICKY LAGENE NICHOLS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court No. 30,729
                                                                                                               

MEMORANDUM OPINION
                                                                                                               

      On May 12, 1997, Ricky Lagene Nichols pled guilty to the offense of aggravated assault,
and the court assessed punishment at five years’ incarceration in the Institutional Division of
the Texas Department of Criminal Justice, suspended for five years. See Tex. Pen. Code
Ann. § 22.02 (Vernon 1994). On December 23, 1997, the State filed a motion to revoke
Nichols’ community supervision, alleging that he had violated several of the terms of his
probated sentence. The trial court granted the State’s motion and revoked Nichols’ community
supervision on January 30, 1998. Nichols filed a notice of appeal on February 27. Nichols
has now filed a motion to voluntarily dismiss his appeal. 
      The appellate rule governing voluntary dismissals in criminal appeals states:
At any time before the appellate court’s decision, the appellate court may dismiss the
appeal if the appellant withdraws his or her notice of appeal. The appellant and his or
her attorney must sign the written withdrawal and file it in duplicate with the appellate
clerk. . . .

Tex. R. App. P. 42.2(a).

      We have not issued a decision in this appeal. The motion is signed by both Nichols and
his attorney. Thus, the motion meets the requirements of the rules and is granted.
      Nichols’ appeal is dismissed.
                                                                               PER CURIAM

Before   Chief Justice Davis, 
            Justice Cummings, and
            Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed July 8, 1998
Do not publish



rt erred in denying his motion to
suppress evidence: 1) in that the stop of Appellant’s vehicle was unlawful; 2) in that the
investigative detention was unreasonable; and 3) in that the State failed to prove by clear and
convincing evidence that the Appellant’s consent to search was voluntary.
      The determination of whether the trial court erred in denying a motion to suppress evidence
is reviewed de novo on appeal, looking at the totality of the circumstances, while giving deference
to the fact findings of the trial court. Guzman v. State, 955 S.W.2d 85, 88 (Tex. Crim. App.
1997); Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998). Appellate courts should
afford almost total deference to a trial court’s determination of the historical facts that the record
supports, especially when the trial court’s findings are based on evaluation of credibility and
demeanor. Id. When the trial court does not make express findings of fact, the facts are viewed
in the light most favorable to the trial court’s ruling. Loserth, p. 744.
      A driver’s failure to properly signal before changing lanes provides an objective basis for an
officer to stop a vehicle. Tex. Transp. Code § 545.104. Thus, Officer Nguyen’s stop of
Appellant was lawful. The stop being lawful, the officer had probable cause to arrest.
      Once an officer has probable cause to arrest, he may search the vehicle as a search incident
to that arrest. Williams v. State, 726 S.W.2d 99 (Tex. Crim. App. 1986).
      Moreover, after Appellant was stopped, he was asked for consent to search his car, which he
gave.
      Appellant contends his consent to search was not voluntary, and therefore, the cocaine should
have been suppressed. Whether Appellant consented voluntarily to the search depends on the
credibility of the officer’s testimony to which we give total deference to the trial court’s implied
finding. Moreover as noted, since the stop was lawful, the search was legal, and Appellant’s
consent to the search was not necessary.
      Appellant’s first three points are overruled.
      In points 4 and 5, Appellant contends that the evidence supporting his conviction is legally
and factually insufficient. Appellant first argues that there was insufficient evidence to show that
he exercised care, custody or control over the cocaine in his vehicle.
      When reviewing the legal sufficiency of the evidence, we examine all the evidence to
determine if any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319; Criner v. State, 860 S.W.2d 84, 86
(Tex. Crim. App. 1992). In making this examination, we view the evidence in the light most
favorable to the verdict. Santellan v. State, 939 S.W.2d 155, 160 (Tex. Crim. App. 1997).
      When reviewing a claim of factual insufficiency of the evidence, we view all the evidence
without the prism “in the light most favorable to the verdict.” Clewis v. State, 922 S.W.2d 126,
131 (Tex. Crim. App. 1996).
      Under the factual sufficiency standard, this Court should ask “whether a neutral review of all
the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000). Accordingly, this Court can reverse the fact finder’s determination
only if “a manifest injustice has occurred.” Id., p. 12.
      Appellant was driving a car with an open box containing a bag of cocaine on the floorboard
of the front passenger seat. The cocaine was visible from the outside of the car, therefore, it can
be inferred that it was clearly visible from the driver’s seat. Further, Appellant had $2760 in cash
in his pocket and an electronic scale in the trunk. Appellant was the only occupant in the car, and
no evidence was adduced that showed anyone else had access to the cocaine or the car, other than
Appellant.
      Appellant further argues that the evidence is insufficient to support the State’s contention that
Appellant knew that there was cocaine in the car he was driving.
      The State is not required to present direct evidence that Appellant knew there was cocaine in
the car. Proof of this knowledge exists in circumstantial evidence. Proof of knowledge is an
inference drawn by the trier of fact from all the circumstances. Dillon v. State, 574 S.W.2d 92,
94 (Tex. Crim. App. 1978); Cantu v. State, 944 S.W.2d 669, 670, 671 (Tex. App.—Corpus
Christi 1997, pet. ref’d).
      The State established the following affirmative links, thereby showing Appellants knowing
possession of the cocaine: 1) Appellant was the driver of the vehicle in which the cocaine was
found; 2) Appellant was present when the search was conducted; 3) the contraband was in plain
view; 4) Appellant was in close proximity to and had easy access to the contraband; 5) Appellant
had the right to possess the place where the drugs were found; 6) the place where the drugs were
found was enclosed; 7) Appellant also possessed other contraband in the form of $2760 cash in
his pocket and an electronic scale in the trunk of the car.
      The evidence is both legally and factually sufficient to support Appellant’s conviction for
possession of cocaine.
      Appellant’s fourth and fifth points of error are overruled.
      The judgment is affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)
Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 25, 2001
Do not publish