Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




COKKIA ASMENE RODGERS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00376-CR


Appeal from the


161st District Court 


of Ector County, Texas


(TC# B-29,611)



M E M O R A N D U M O P I N I O N



 This is an appeal from a conviction for the offense of possession of cocaine in an
amount less than one gram. The court assessed punishment at three (3) years community
supervision and a fine of $1000. We reverse the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE
 

 On September 27, 2001, police officers with the Odessa Police Department narcotics
and vice unit executed a search warrant at an apartment at 1201 Harless Street, Odessa,
Texas. A surveillance was conducted prior to the execution of the warrant. During the
course of that surveillance three men were stopped exiting the apartment. They were
detained and handcuffed. All three men had a history of use, sale and possession of crack
cocaine. Each man was taken individually into the bedroom and was strip searched. It was
during the search of the first individual that one of the officers discovered the contraband.
No narcotics were found on their person and they were released. The testimony indicated
that the apartment was an upstairs, one bedroom unit. The master bedroom contained a bed,
a dresser, and a couch. When the officers executed the warrant Appellant and her children
and another female were in the living room. 

 During the search of the master bedroom one of the officers discovered a clear, plastic
cellophane bag on the floor next to the bed. None of the other officers had observed the bag
laying on the floor. The bag was tied within itself and it contained five rock crumbs. The
testimony indicated that the manner in which the bag was tied was indicative of the sale of
crack cocaine. No other drugs were discovered. 

II. DISCUSSION


 In Appellant's sole issue on appeal, she contends that the evidence was legally and
factually insufficient to support the conviction. In reviewing the legal sufficiency of the
evidence, we are constrained to view the evidence in the light most favorable to the judgment
to determine whether any rational trier of fact could find the essential elements of the
offense, as alleged in the application paragraph of the charge to the jury, beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler
v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989); Humason v. State, 728 S.W.2d 363,
366 (Tex. Crim. App. 1987). More particularly, sufficiency of the evidence should be
measured by the elements of the offense as defined by the hypothetically correct jury charge
for the case. Malik v. State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997).

 Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref'd). We do not resolve any conflict in fact, weigh any evidence or evaluate
the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial are
given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex. App.--El Paso
1995, pet. ref'd); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson
v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d 757, 759
(Tex. App.--El Paso 1992, pet. ref'd); Bennett v. State, 831 S.W.2d 20, 22 (Tex. App.--El
Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and implicit
findings of the trier of fact are rational by viewing all the evidence admitted at trial in the
light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we resolve
any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at 843,
(quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). The trier of fact,
not the appellate court, is free to accept or reject all or any portion of any witness's testimony. 
Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref'd).


 Unlawful possession of a controlled substance contains two elements. The State must
prove (1) that the accused exercised care, control and management over the contraband, and
(2) that the accused knew the substance being possessed was contraband. See Martin v.
State, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988); Menchaca, 901 S.W.2d at 651; Musick
v. State, 862 S.W.2d 794, 804 (Tex. App.--El Paso 1993, pet. ref'd). An affirmative link must
be established between the accused and the contraband demonstrating both that the accused
had control over it and that the accused had knowledge of its existence and character. See
Brown v. State, 911 S.W.2d 744 (Tex. Crim. App. 1995); Menchaca, 901 S.W.2d at 651. 
The mere presence of the accused at a place where contraband is located does not make him
a party to joint possession, even if he knows of the contraband's existence. Oaks v. State, 642
S.W.2d 174, 177 (Tex. Crim. App. 1982). Possession means more than being where the
action is, it involves the exercise of dominion and control over the thing allegedly possessed. 
Id. The crime of possession requires a physical or constructive possession with actual
knowledge of the presence of the narcotic substance. See Shortnacy v. State, 474 S.W.2d
713, 716 (Tex. Crim. App. 1972). This "affirmative link" may be shown by either direct or
circumstantial evidence, and "it must establish, to the requisite level of confidence, that the
accused's connection with the drug was more than just fortuitous." Brown, 911 S.W.2d at
747.

 When the contraband is not found on the accused's person or it is not in the exclusive
possession of the accused, additional facts and circumstances must link the accused to the
contraband. Menchaca, 901 S.W.2d at 651; Musick, 862 S.W.2d at 804. These additional
facts include whether: (1) the contraband was in plain view or recovered from an enclosed
place; (2) the accused was the owner of the premises or the place where the contraband was
found; (3) the accused was found with a large amount of cash; (4) the contraband was
conveniently accessible to the accused; (5) the contraband was found in close proximity to
the accused; (6) a strong residual odor of the contraband was present; (7) the accused
possessed other contraband when arrested; (8) paraphernalia to use the contraband was in
view, or found on the accused; (9) the physical condition of the accused indicated recent
consumption of the contraband in question; (10) conduct by the accused indicated a
consciousness of guilt; (11) the accused attempted to flee; (12) the accused made furtive
gestures; (13) the accused had a special connection to the contraband; (14) the occupants of
the premises gave conflicting statements about relevant matters; (15) the accused made
incriminating statements connecting himself to the contraband; (16) the quantity of the
contraband; and (17) the accused was observed in a suspicious area under suspicious
circumstances. Lassaint, 79 S.W.3d at 740-41; see also Jenkins v. State, 76 S.W.3d 709,
712-13 (Tex. App.--Corpus Christi 2002, pet. ref'd); Mohmed v. State, 977 S.W.2d 624, 627
(Tex. App.--Fort Worth 1998, pet. ref'd); Cantu v. State, 944 S.W.2d 669, 670 (Tex. App.--Corpus Christi 1997, pet. ref'd); Kyte v. State, 944 S.W.2d 29, 31 (Tex. App.--Texarkana
1997, no pet.); Hurtado v. State, 881 S.W.2d 738, 743 n.1 (Tex. App.--Houston [1st Dist.]
1994, pet. ref'd).

 The number of factors is not as important as their logical force in establishing the
elements of the offense. See Jenkins, 76 S.W.3d at 713; see also Jones v. State, 963 S.W.2d
826, 830 (Tex. App.--Texarkana 1998, pet. ref'd); Gilbert v. State, 874 S.W.2d 290, 298
(Tex. App.--Houston [1st. Dist.] 1994, pet. ref'd). The baseline is that proof amounting to
a strong suspicion or even a probability of guilt will not suffice. See Lassaint, 79 S.W.3d at
741; Grant v. State, 989 S.W.2d 428, 433 (Tex. App.--Houston [14th Dist.] 1999, no pet.);
see also Hall v. State, 86 S.W.3d 235, 240 (Tex. App.--Austin 2002, pet. ref'd). Ultimately,
the question of whether the evidence is sufficient to affirmatively link the accused to the
contraband must be answered on a case-by-case basis. Whitworth v. State, 808 S.W.2d 566,
569 (Tex. App.--Austin 1991, pet. ref'd); see also Lassaint, 79 S.W.3d at 741.

 The only affirmative linkage in the present case is the phone bill which directly links
Appellant to the apartment but not the contraband. Regarding facts which indirectly link
Appellant to the contraband, there was testimony that the officers smelled marijuana smoke;
although no such contraband or paraphernalia was found in the apartment or on anyone's
person. The only other factors linking Appellant to the cocaine was the fact that it was in
plain view and it was not in an enclosed place. We note that there was testimony that the
other officers did not see the bag when they went in and out of the bedroom thereby allowing
the inference that the bag was not overtly visible. Given the lack of affirmative linkage to
the contraband, we find that the evidence is legally insufficient to support the conviction. 
In light of that, it is not necessary to discuss the factual sufficiency of the evidence. 
Appellant's Issue No. One is sustained.

 Having sustained Appellant's Issue No. One, and finding it unnecessary to address any
remaining issues, we reverse the judgment of the trial court and render the case to the trial
court to enter an order of acquittal.

September 15, 2004




 RICHARD BARAJAS, Chief Justice



Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ. 


(Do Not Publish)