In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00215-CR


______________________________




GLEN RAY BIGHAM, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 18,601-2004




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 On April 22, 2005, Glen Ray Bigham pled guilty to possessing less than one gram of cocaine
in trial court cause number 18,601-2004. See Tex. Health & Safety Code Ann. § 481.115(b)
(Vernon 2003). The trial court assessed Bigham's punishment at two years' imprisonment. But, in
accordance with the parties' negotiated plea agreement, the trial court suspended imposition of that
sentence and released Bigham to community supervision for a period of five years.

 The State filed a motion to revoke Bigham's community supervision on November 10, 2005. 
That motion was dismissed on January 9, 2006. On that same date, the trial court modified Bigham's
community supervision and directed Bigham to attend and successfully complete the Substance
Abuse Felony Punishment Facility (SAFPF) drug treatment program. (1) 

 On June 13, 2006, the State filed a new application to revoke Bigham's community
supervision. The State's application alleged that Bigham had violated the conditions of his
community supervision in several ways: (1) by failing to report to his community supervision officer
on the first and fifteenth days of September and October, 2005, as previously ordered by the trial
court; (2) by becoming $125.00 delinquent in the payment of his court costs, as directed by the trial
court; and (3) by using illegal narcotics (cocaine) on or about May 20, 2005, June 17, 2005, July 7,
2005, August 11, 2005, and October 31, 2005 (the substance of each of these allegations had, more
or less, been made in the November 10 revocation motion). The State subsequently amended the
June 13 motion to assert Bigham had further violated his community supervision by using illegal
narcotics (cocaine) on or about August 1 and 7, 2006. After conducting a September 5, 2006,
hearing on the State's motion, the trial court found all the alleged violations to have been proven by
the evidence, revoked Bigham's community supervision, and assessed Bigham's punishment at
imprisonment for one year. 

 In this appeal, Bigham first contends the trial court was without authority to revoke his
community supervision because (1) the State's motion to revoke alleged only allegations that were
raised in the pre-modification motion and (2) principles of double jeopardy prohibited the trial court
from considering the merits of such allegations as a basis to revoke Bigham's community
supervision. In his second issue, Bigham acknowledges that his first point of error was not raised
before the trial court and normally could not be considered on appeal. However, Bigham alleges the
error under his first appellate issue was of such a nature as to cause the trial court's judgment to be
void, which, if correct, would now permit him to present that point of error on appeal. See Nix v.
State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). The thrust of Bigham's argument is this: the
State's motion to revoke community supervision was insufficient to invoke the trial court's
jurisdiction over the issues raised in that motion because the motion did not allege violations other
than those that had been presented in the pre-modification revocation motion. Without an adequate
instrument to invoke the trial court's subject-matter jurisdiction, Bigham argues that the trial court's
judgment is void based on the post-modification revocation motion. 

 We addressed this preservation issue in our opinion issued today in Bigham v. State, cause
number 06-06-00214-CR. In that case, we held that jeopardy did not bar the State from raising anew
the same allegations it had raised in the pre-modification revocation motion and that the trial court's
judgment was, therefore, not void. The factual and legal posture of this case is identical to Bigham,
cause number 06-06-00214-CR. Therefore, for the reasons stated in that opinion, we similarly
conclude Bigham's failure to raise the subject matter of his first point of error at the trial level now
precludes our consideration of it at the appellate level.

 Yet, even if we considered the merits of Bigham's argument, we would conclude that no error
occurred, and we reach that conclusion for the same reasons already expressed in our other opinion
issued today in Bigham, cause number 06-06-00214-CR. We overrule Bigham's first and second
points of error.

 In his final point of error, Bigham contends the evidence is insufficient to support the trial
court's decision to revoke his community supervision. We review a trial court's decision to revoke
a defendant's community supervision under an abuse of discretion standard. Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006). Proof of a single violation, by a preponderance of the
evidence, will support a trial court's decision to revoke the defendant's community supervision. Id.
at 763-64; Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Cochran v.
State, 78 S.W.3d 20, 28 (Tex. App.--Tyler 2002, no pet.). 

 The trial court received testimony at the revocation hearing from both Verlinda McCalla
(Bigham's community supervision officer) and Bigham. McCalla testified that Bigham (1) failed to
report to his community supervision officer during the months of September and October, 2005;
(2) failed to pay his court costs, his fine, and his court-appointed attorney's fees as prescribed in this
case; and (3) has repeatedly failed urinalysis tests and has admitted using crack cocaine while on
community supervision. During Bigham's testimony, he admitted to the trial court that he had used
cocaine as recently as two weeks before the revocation hearing. He also admitted having a positive
urinalysis test result for cocaine on August 7. He further affirmed that he had previously admitted
to McCalla that he had been using crack cocaine while on community supervision. 

 In ruling on the State's motion to revoke Bigham's community supervision, the trial court
made oral findings of fact and conclusions of law. The trial court found that the State had proved
(1) Bigham failed to report to his community supervision officer in September and October, 2005;
(2) Bigham had failed to pay his court costs as directed by the trial court and was thereby in arrears;
and (3) Bigham had violated his community supervision by using cocaine in violation of the
prohibition against using illegal drugs or narcotics. Based on those findings, the trial court revoked
Bigham's community supervision.

 The testimony heard by the trial court clearly supports the trial court's findings of fact and
conclusions of law. The State met its burden of proving at least a single violation by a
preponderance of the evidence in that Bigham himself admitted using cocaine while on community
supervision. Therefore, the record before us does not demonstrate the trial court abused its discretion
by revoking Bigham's community supervision. 

 For the reasons stated, we overrule each of Bigham's points of error and affirm the trial
court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: July 13, 2007

Date Decided: August 1, 2007


Do Not Publish
1. See Tex. Code Crim. Proc. Ann. art. 42.12, § 14 (Vernon 2006); Tex. Gov't Code Ann.
§ 493.009 (Vernon Supp. 2006).



>
            In his first point of error, Stevens argues the trial court lacked jurisdiction because the
indictment was so defective as to be a nonindictment. A judgment is void in very rare situations,
usually due to a lack of jurisdiction.


 The indictment in this case provides as follows in pertinent
part:
knowingly deliver, by actual transfer, to C. Payne, a controlled substance, namely,
a material, compound, mixture, or preparation in an amount of four grams or more
but less than two-hundred grams, that contained a quantity of 3,4-methyldioxymethamphetamine . . . .

The indictment clearly alleges that Stevens possessed a controlled substance.


 However, the
compound alleged 3,4-methyldioxymethamphetamine is not listed in the Texas Controlled
Substances Act. See Tex. Health & Safety Code Ann. §§ 481.001–.205 (Vernon 2003 & Supp.
2005). The Texas Health and Safety Code, though, does include a compound entitled 3,4-methylenedioxy methamphetamine. Tex. Health & Safety Code Ann. § 481.103. The compound
described in the Texas Health and Safety Code contains the letters "ene," which are not included in
the indictment.
            In support of his argument, Stevens cites Cook v. State, 902 S.W.2d 471 (Tex. Crim. App.
1995), and Duron v. State, 956 S.W.2d 547 (Tex. Crim. App. 1997). In Cook, a fractured


 Texas
Court of Criminal Appeals held that an indictment is not required to charge every element of an
offense in order to vest jurisdiction with the trial court, with the proviso that an indictment must
charge a person with a criminal offense. Cook, 902 S.W.2d at 477–78. In Duron, the Texas Court
of Criminal Appeals explained that the indictment must allege an offense with enough specificity
and clarity that the defendant can ascertain the penal statute under which the State intends to
prosecute. Duron, 956 S.W.2d at 550–51.
            Historically, "fundamental" errors in the indictment could be challenged at any point in the
proceedings. See, e.g., Morris v. State, 13 Tex. App. 65, 71 (1882); see also Cook, 902 S.W.2d at
476. In 1985, Texas voters approved an amendment to Section 12 of Article V of the Texas
Constitution that a defect of form or substance in an indictment is waived if no objection is made
before the date trial commences and that the presentation of an indictment or information vests the
trial court with jurisdiction over the case. Tex. Const. art. V, § 12; see Studer v. State, 799 S.W.2d
263, 272 (Tex. Crim. App. 1990); see also Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005),
arts. 21.01–.31 (Vernon 1989 & Supp. 2005).
            However, an instrument which is not an "indictment" under Article V, Section 12 of the
Texas Constitution fails to vest the trial court with jurisdiction and can be raised for the first time
on appeal. See Duron, 956 S.W.2d at 555; Cook, 902 S.W.2d at 479–80. "[T]o comprise an
indictment within the definition provided by the constitution, an instrument must charge: (1) a
person; (2) with the commission of an offense." Cook, 902 S.W.2d at 476. "[A] written instrument
is an indictment or information under the Constitution if it accuses someone of a crime with enough
clarity and specificity to identify the penal statute under which the State intends to prosecute, even
if the indictment is otherwise defective." Duron, 956 S.W.2d at 550–51. The issue presented to this
Court is whether the omission of the letters "ene" prevents the charging instrument from describing
the crime with enough clarity and specificity to identify the relevant penal statute.
            Stevens argues that 3,4-methyldioxymethamphetamine is a mere "jumble of letters that means
nothing." The State responds, although the record is not clear whether 3,4-methyldioxymethamphetamine is a salt or isomer of 3,4-methylenedioxy methamphetamine, the
compounds are essentially identical and no reasonable person would be confused. Although the
indictment in this case misspelled the scientific name of the controlled substance, the indictment
provided sufficient notice to the defendant. In general, the mere misspelling of a name does not
prevent an indictment from alleging an offense, provided the indictment nevertheless provides the
necessary notice of the statutory offense. See Cantu v. State, 944 S.W.2d 669, 671 (Tex.
App.—Corpus Christi 1997, pet. ref'd) ("heroin" misspelled as "herion"); Ex parte Eckrich,
No. 02-04-00133-CR, 2004 Tex. App. LEXIS 5398 (Tex. App.—Fort Worth June 17, 2004, no pet.)
(mem. op.) (not designated for publication) ("3,4-methylenedioxy methamphetamine" misspelled
as "3,4-theylenedioxy methamphetamine"); see also Fitts v. State, 982 S.W.2d 175, 184 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref'd) ("remuneration" misspelled as "renumeration"); Enriquez
v. State, No. 08-02-00005-CR, 2004 Tex. App. LEXIS 6480 (Tex. App.—El Paso July 21, 2004, no
pet.) (not designated for publication) ("benefit" misspelled as "bebfit"). Given the similarity between
the names of the compounds and that the indictment clearly provides Stevens was accused of
delivery of a controlled substance, no reasonable person would have been confused that the State was
alleging delivery of a controlled substance listed in penalty group 2 of the Texas Controlled
Substances Act. Such a conclusion is particularly true when one considers that scientific names
appear excessively complex to most laymen. The indictment, even with the misspelled word,
accused Stevens of a crime with enough clarity and specificity to identify the penal statute under
which the State intended to prosecute. As such, Stevens was not deprived of the screening function
of a grand jury.


 The typographical error in the spelling of the scientific name of the compound is
not sufficient to deprive Stevens notice of the crime of which he was accused or to deprive the trial
court of jurisdiction. We overrule Stevens' first point of error.
            For the reasons stated, we affirm the judgment of the trial court.
 


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          April 21, 2006
Date Decided:             May 2, 2006

Do Not Publish