ACCEPTED
03-15-00095-CR
7392299
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/15/2015 1:38:26 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00095-CR

In the
Court of Appeals
Third District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

10/15/2015 1:38:26 PM

JEFFREY D. KYLE
Clerk

**Juan Leal,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the 299th District Court of Travis County
Honorable Karen Sage, Judge Presiding
Cause Number D-1-DC-13-300082

## STATE'S BRIEF

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

Oral argument is not requested

# Table of Contents

Index of Authorities...............................................................ii

Statement of Facts .............................................................1

Summary of the State's Argument.......................................2

Argument............................................................................2

  Reply Point: The written judgment should not be modified. ...........2

Prayer ...............................................................................3

Certificate of Compliance and Service ...............................4

# Index of Authorities

**Cases**

*Ablon v. State*, 537 S.W.2d 267 (Tex. Crim. App. 1976) ...................... 3

*Dunlap v. State*, No. 03-95-00743-CR, 1997 Tex. App. LEXIS 1737, 1997 WL 152628 (Tex. App.—Austin 1997, pef. ref'd) ...................... 3

**Statutes**

Tex. Code Crim. Proc. art. 42.03 ........................................................ 3

No. 03-15-00095-CR

In the
Court of Appeals
Third District
Austin, Texas

---

**Juan Leal,**
Appellant

v.

**The State of Texas,**
Appellee

---

Appeal from the 299th District Court of Travis County
Honorable Karen Sage, Judge Presiding
Cause Number D-1-DC-13-300082

---

**STATE'S BRIEF**

---

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this brief in response to

Appellant's brief.

## Statement of Facts

Appellant was placed on deferred adjudication for assault. The

State filed a 3-page motion to adjudicate, alleging numerous

violations. CR 50-52. After a hearing, the judge stated on the record

1

that she found the allegations in the motion to be true. The judge then proceeded to read through the allegations one-by-one. 2RR 150-52.

As she was reading through the lengthy list, the judge missed a few allegations. Appellant asks this court to modify the written judgment to delete the allegations that were not read aloud by the judge. CR 70-72.

## Summary of the State's Argument

There is no real conflict between the oral pronouncement and the written judgment. Even if there were, the trial court's written order revoking probation controls over the oral pronouncement. Therefore, the written judgment should not be modified.

## Argument

### *Reply Point: The written judgment should not be modified.*

As an initial matter, the judgment is not actually in conflict with the oral pronouncement because the judge did not find that any of the allegations were Not True. To the contrary, she stated that the allegations were True. She just missed a few when she read them aloud.

Even if there was a discrepancy, the trial court's written order revoking probation controls over the oral pronouncement. *See Dunlap v. State*, No. 03-95-00743-CR, 1997 Tex. App. LEXIS 1737, *5-7, 1997 WL 152628 (Tex. App.—Austin 1997, pef. ref'd) (not designated for publication), *citing Ablon v. State*, 537 S.W.2d 267, 268-69 (Tex. Crim. App. 1976). Therefore, the written judgment should not be modified.

Appellant argues that the oral pronouncement should control, but the cases he cites involve discrepancies as to the *sentence* assessed. In that situation, the oral pronouncement controls because the sentence must be pronounced in the defendant's presence. *See* Tex. Code Crim. Proc. art. 42.03, §1(a). But there is no discrepancy as to the sentence assessed in this case. Rather, the discrepancy, if any, involves the grounds for revocation. In that situation, the written judgment controls.

## Prayer

The State asks this Court to overrule Appellant's point of error and affirm the trial court's judgment.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

### Certificate of Compliance and Service

I certify that this brief contains 383 words. I further certify that, on the 15th day of October, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the defendant's attorney, Paul Evans, 811 Nueces Street, Austin, Texas 78701.

**Angie Creasy**

4