Ex parte David Brian HAYES.

No. 2–96–125–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 3, 1996.

J.R. Molina, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of Appellate Section, David M. Curl, Robert Foran, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before LIVINGSTON, DAUPHINOT and RICHARDS, JJ.

## OPINION

LIVINGSTON, Justice.

The sole issue in this appeal is whether the recent opinion in *Bauder v. State*, 921 S.W.2d 696 (Tex.Crim.App.1996), alters the rule that jeopardy does not attach under the Double Jeopardy Clause of the Texas Constitution[1] until the petit jury is impaneled. David Brian Hayes appeals the trial court's denial of habeas corpus relief, claiming that *Bauder* changed the timing of jeopardy attachment in cases where the prosecution's deliberate or reckless conduct requires a mistrial at the defendant's request, and a mistrial is so granted. We disagree and affirm the trial court's denial of Hayes's writ of habeas corpus.

Hayes was indicted on the charge of aggravated sexual assault of a child. Hayes's case was called for trial, a venire was seated, and voir dire began. During voir dire, prosecutor Mickey Klein pointed his finger at Hayes while defense counsel questioned the venire about credibility of witnesses. No mention of this conduct was made at the time of its occurrence. The venire was dismissed from the courtroom, and the State and Hayes filed their lists containing their respective preemptory challenges with the clerk. As the trial judge prepared to seat and swear the petit jury, defense counsel requested a hearing on prosecutor Klein's conduct during voir dire. Hayes testified that he saw Klein point at him while defense counsel questioned the venire about credibility of witnesses.[2] The trial judge called the entire venire and asked them as a group whether anyone had seen any of the attorneys pointing during the voir dire examination. After a show of hands, a venireperson, outside the presence of the venire, corroborated Hayes's allegation that prosecutor Klein pointed at Hayes while defense counsel was questioning the venire about credibility of witnesses. The trial judge then granted Hayes's motion for a mistrial.

Hayes filed a writ of habeas corpus claiming that the Double Jeopardy Clauses of the United States and Texas Constitutions barred retrial. The habeas judge denied the writ, finding that jeopardy had not attached in the prior proceeding. Hayes now appeals that ruling to this court claiming that the Texas Double Jeopardy Clause precludes prosecution.

 Article I, Section 14 of the Texas Constitution provides that "[n]o person, for the same offense, shall twice be put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. I, § 14. Once jeopardy attaches, a defendant has a right, guaranteed by the Texas Double Jeopardy Clause, to be tried by the first jury impaneled. *Dinkins v. State*, 894 S.W.2d 330, 343 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995); *Smithwick v. State*, 732 S.W.2d 768, 769 (Tex.App.—Fort Worth 1987, pet. ref'd). If a trial court grants a defendant's motion for a mistrial after jeopardy has attached, the Texas Double Jeopardy Clause is not violated unless the event requiring a mistrial is a result of the deliberate or reckless conduct of the prosecutor. *Bauder*, 921 S.W.2d at 699.

 In every appeal involving an issue of double jeopardy, the threshold question this court must address is whether the defendant was ever placed in jeopardy, because there can be no double jeopardy unless the defendant has previously been placed in danger of conviction for the same offense. *Ex parte George*, 913 S.W.2d 523, 525 (Tex.Crim.App. 1995); *State v. Torres*, 805 S.W.2d 418, 420 (Tex.Crim.App.1991); *Rameriz v. State*, 171 Tex.Crim. 507, 352 S.W.2d 131, 132–33 (App. 1961); *Scholtes v. State*, 691 S.W.2d 84, 87 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). In a jury trial, the oft-stated rule is that jeopardy attaches when a jury is impan-

---

1. TEX. CONST. art. I, § 14.

2. Prosecutor Klein took the stand and denied pointing at Hayes. The court then individually called the three venirepersons who had not been selected to sit on the petit jury and questioned them about what they observed during defense counsel's voir dire examination. Each of the three venirepersons testified that they did not notice any of the attorneys make any unusual gestures during voir dire examination.

eled and sworn to try the case. *Crist v. Bretz*, 437 U.S. 28, 37, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24, 32 (1978); *Ex parte Little*, 887 S.W.2d 62, 64 (Tex.Crim.App.1994). Hayes argues that the Texas Court of Criminal Appeals in *Bauder* changed the timing of jeopardy attachment when it stated:

> We therefore hold that a successive prosecution is jeopardy barred after declaration of a mistrial at the defendant's request, not only when the objectionable conduct of the prosecutor was intended to induce a motion for mistrial, but also when the prosecutor was aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request.... When this happens, we think the government should bear responsibility for denying the defendant his right, secured by the Texas Double Jeopardy Clause, to be tried in a single proceeding by the first jury *selected.*

*Bauder,* 921 S.W.2d at 699 (emphasis added). Hayes contends that, under the rule set forth in *Bauder,* the Texas Double Jeopardy Clause bars his retrial because at the time the trial judge granted a mistrial both the State and Hayes had turned in their respective peremptory challenges, effectively selecting the jury, and thereby attaching jeopardy. We disagree with both Hayes's application and interpretation of *Bauder.*

The facts and issues presented in *Bauder* are distinguishable from the instant case. In *Bauder,* after the petit jury was impaneled, the prosecutor elicited testimony concerning uncharged extraneous misconduct in violation of a motion in limine. *Bauder v. State,* 880 S.W.2d 502, 503 (Tex.App.—San Antonio 1994), *rev'd,* 921 S.W.2d 696, 700 (Tex.Crim.App.1996). The trial court granted the defendant's motion for a mistrial. *Id.* The habeas judge refused to dismiss the prosecution after finding that the prosecution did not intend to goad the defendant into requesting

a mistrial. *Bauder,* 921 S.W.2d at 697.[3] The Fourth Court of Appeals affirmed. *Bauder,* 880 S.W.2d at 504. The Court of Criminal Appeals, limiting its review to a single issue, reversed, holding that the Texas Double Jeopardy Clause prevents retrial after a mistrial granted on a defendant's request when the mistrial was required due to the government's intentional or reckless misconduct. *Bauder,* 921 S.W.2d at 699.

In contrast, the sole issue presented to this court in this appeal is whether jeopardy attached before the grant of a mistrial. The record and the trial court's unchallenged findings indicate that Hayes was granted a mistrial before the petit jury was impaneled. Therefore, the trial court's finding that prosecutor Klein should have known that pointing at Hayes while defense counsel questioned the venire on credibility of witnesses was an objectionable event that would require a mistrial at the defendant's request is of no consequence because jeopardy had not attached.

■ Additionally, we disagree with Hayes's interpretation of and reliance on the term "selected," as used by the Court of Criminal Appeals in *Bauder.* A brief review of the history of the traditional rule that jeopardy does not attach until the petit jury is impaneled and sworn reveals that a jury is not selected, as the trier of fact, until the petit jury has been impaneled. This rule was adopted on the federal level in *Crist v. Bretz,* where the Court stated:

> In *Illinois v. Somerville,* a case involving the application of the Double Jeopardy Clause through the Fourteenth Amendment, the Court said that "jeopardy 'attached' when the first jury was *selected and sworn.*" Today we explicitly hold what *Somerville* assumed: The federal rule that jeopardy attaches when the jury is *empaneled and sworn* is an integral part

3. Under the standard applied by Texas courts at the time of the original habeas proceeding, the state and federal Double Jeopardy Clauses barred retrial after a mistrial granted on a defendant's motion only if the government's conduct was motivated by intent to provoke the motion for a mistrial. *Oregon v. Kennedy,* 456 U.S. 667, 678–79, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416,

426–27 (1982); *Collins v. State,* 640 S.W.2d 288, 290 (Tex.Crim.App. [Panel Op.] 1982). Absent intentional conduct on the part of the government, a defendant's request for a mistrial was considered an election to forgo the right to have guilt or innocence adjudicated by the first trier of fact. *Kennedy,* 456 U.S. at 676, 102 S.Ct. at 2089, 72 L.Ed.2d at 424–25.

of the constitutional guarantee against double jeopardy.

*Crist,* 437 U.S. at 38, 98 S.Ct. at 2162, 57 L.Ed.2d at 32 (internal citations omitted) (emphasis added). This passage is instructive because the United States Supreme Court drew no substantive distinction between the terms empaneled[4] and selected. Texas has explicitly applied the standard set forth in *Crist* to the Texas Double Jeopardy Clause. *McElwee v. State,* 589 S.W.2d 455, 459 (Tex.Crim.App.1979); *see also Alvarez v. State,* 864 S.W.2d 64, 65 (Tex.Crim.App. 1993). We find no substantive difference between the terms "selected," as used by the Court of Criminal Appeals in *Bauder,* and the term impaneled.[5]

A jury is not selected as the trier of fact, and a defendant is not placed in jeopardy of a conviction until the jury has been impaneled. A Texas jury is considered impaneled only after "all twelve jurors (plus any alternates) have been qualified and accepted and the *jury,* as a whole, is given the requisite oath." *Rousseau v. State,* 824 S.W.2d 579, 581 (Tex.Crim.App.1992), *cert. denied,* 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). Thus, the trial judge, not the attorneys, selects the jury only after ensuring that its members are qualified, accepted by the parties in the case, and all its members are sworn.[6] Therefore, we hold that Hayes's prosecution is not jeopardy barred because the jury was never impaneled in the prior proceeding.

4. The term "empaneled" in now commonly spelled "impaneled." BLACK'S LAW DICTIONARY 524 (6th ed. 1990).

5. This court recognizes that Texas courts are free to interpret comparable state constitutional provisions as providing more expansive rights to Texas citizens than those guaranteed by the federal constitution. *Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991). We do not, however, construe the ruling of the Court of Criminal Appeals that the Texas Double Jeopardy Clause bars retrial under "slightly more expansive conditions" than its federal counterpart to be an invitation to expand something as fundamental to Texas double jeopardy jurisprudence as the timing at which jeopardy attaches. *Bauder,* 921 S.W.2d at 699. As to the issue of when jeopardy attaches, an independent analysis of pre-*Crist* cases interpreting the Double Jeopardy Clause of

Accordingly, we overrule Hayes's sole point of error and affirm the trial court's denial of habeas relief.

the Texas Constitution reveals that jeopardy traditionally attached later under the Texas Constitution than under the federal constitution. *Compare Illinois v. Somerville,* 410 U.S. 458, 471, 93 S.Ct. 1066, 1073–74, 35 L.Ed.2d 425, 435 (1973) and *United States v. Jorn,* 400 U.S. 470, 486, 91 S.Ct. 547, 557–58, 27 L.Ed.2d 543, 558 (1971) (concluding that jeopardy attaches under federal constitution when jury is impaneled) *with Lockridge v. State,* 522 S.W.2d 526, 528 (Tex.Crim. App.1975) and *Anderson v. State,* 24 Tex.App. 705, 7 S.W. 40, 42 (1886) (holding that jeopardy does not attach under Texas Double Jeopardy Clause until jury is impaneled and defendant pleads to indictment).

6. A party is only entitled to select members of the venire they do not want to sit on the petit jury, not members they want to sit on the petit jury. *See* TEX.R. CIV. P. 227.