**Ex parte Bryant Dwayne DIXON.**

**No. 2–97–478–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 12, 1998.

Discretionary Review Refused
April 29, 1998.

*mann* and *Jimmy Swaggart Ministries* with re-

gards to proof of mailing).

---

William H. Bill Ray, Law Office of William H. Bill Ray, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Chief of the Appellate Section, Curtis Jenkins, Leslie Hardy, Michael Casillas, Asst. Criminal Dist. Attys., Fort Worth, for appellee.

Before CAYCE, C.J., and DAY and HOLMAN, JJ.

## OPINION

DAY, Justice.

The sole issue in this appeal is whether double jeopardy bars retrying Appellant Bryant Dwayne Dixon for murder after the trial court granted Dixon's motion for mistrial in the first proceeding. Because Dixon had the burden of proof at the habeas hearing to show that the mistrial was required and because we find that he failed to meet this burden, we affirm the trial court's denial of his writ requesting habeas relief.

## BACKGROUND

On November 24, 1993, Dixon allegedly shot and killed Charlie Jones, Jr. Hours after the shooting, Texas Department of Public Safety (DPS) Trooper Gale McMullen stopped Dixon traveling east on Interstate 20 toward Shreveport, Louisiana. Following a brief detention, McMullen placed Dixon under arrest. During the inventory of Dixon's car, McMullen discovered drug paraphernalia and a substance that he believed was marijuana. Pursuant to Dixon's request under article 37.07 of the Texas Code of Criminal Procedure, the State gave notice before the trial began that it intended to offer extraneous offense evidence at the punishment phase of Dixon's trial, including the possession of drug paraphernalia and marijuana. TEX.

CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.1998).

On August 19, 1996, Dixon stood trial for murder. After the State rested and outside of the presence of the jury, the prosecutors and defense counsel learned of the existence of two laboratory reports that were not given to the defense before the trial. According to the first report, the Fort Worth Crime Laboratory had tested the two fired cartridge casings recovered at the scene of the murder and introduced at trial to determine whether the casings were fired from the same weapon. The test results were inconclusive.

The prosecutors and defense counsel discovered the second report in the DPS offense file that McMullen brought to the trial. According to the report, a chemical analysis detected no marijuana in the substance retrieved from Dixon's car at the time of his arrest.

After discovery of these two reports, Dixon requested a mistrial, which the trial court granted. Before being tried again, Dixon sought a writ of habeas corpus, alleging that his retrial is jeopardy barred. At the habeas hearing, Dixon argued that he was harmed by the prosecutors' failure to disclose the DPS report, because if he had known that no marijuana was found in his car at the time of his arrest, he would have elected to have the jury assess punishment rather than the trial court. Dixon did not explain how he was harmed by the report on the cartridge casings. The habeas court concluded that (1) the evidence in the reports is exculpatory and should have been disclosed prior to trial, and (2) the prosecution had no knowledge of the reports or their contents prior to trial and thus a second murder trial is not jeopardy barred.

On appeal, Dixon asserts that the two reports contained exculpatory information, and that the State has a duty to inquire with the police regarding the existence of exculpatory evidence and to disclose that evidence to the defense. *See Kyles v. Whitley,* 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490, 505 (1995). Dixon also argues that the State's failure to discover the existence of the reports before trial was reckless and thus his retrial is barred under article I, section 14 of

the Texas Constitution. TEX. CONST. art. I, § 14.

## STANDARD OF REVIEW

 We have jurisdiction to review the decision of the trial court in denying habeas corpus relief. *See* TEX.R.APP. P. 31.1. We review the record as it existed before the trial court at the habeas hearing to determine whether the court erred in failing to grant relief. *See Goss v. State,* 944 S.W.2d 748, 750 (Tex.App.—Corpus Christi 1997, no pet.). In reviewing the decision of the habeas court, we review the findings in the light most favorable to the ruling and uphold the decision absent an abuse of discretion. *See Ex parte Primrose,* 950 S.W.2d 775, 777–78 (Tex.App.—Fort Worth 1997, pet. ref'd); *Ex parte May,* 852 S.W.2d 3, 5 (Tex.App.—Dallas 1993, pet. ref'd) (*citing Whitsey v. State,* 796 S.W.2d 707, 721 (Tex.Crim.App.1989) (op. on reh'g)). The applicant bears the burden of proof at the habeas proceeding to show that retrial is jeopardy barred. *See Ex parte Kimes,* 872 S.W.2d 700, 703 (Tex.Crim.App. 1993).

## DOUBLE JEOPARDY

 As a general rule, when a mistrial is declared at the defendant's request, subsequent prosecution for the same offense is not jeopardy barred. *See United States v. Scott,* 437 U.S. 82, 93, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65, 75 (1978); *Crawford v. State,* 703 S.W.2d 655, 662 (Tex.Crim.App.1986). Nevertheless, both the United States Supreme Court and the Texas Court of Criminal Appeals have carved out narrow exceptions to this rule. Under the United States Constitution, successive prosecution is only barred where the prosecution *intentionally* provoked the defendant into moving for a mistrial and the mistrial is granted. *See Oregon v. Kennedy,* 456 U.S. 667, 679, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416, 427 (1982). Article I, section 14 of the Texas Constitution provides even greater protection against double jeopardy than the Fifth Amendment to the United States Constitution. The Texas Court of Criminal Appeals has held that a defendant may not be retried for the same offense after requesting a mistrial if the mistrial was re-quired as the result of the prosecution's deliberate or reckless conduct. *See Bauder v. State,* 921 S.W.2d 696, 699 (Tex.Crim.App. 1996); *Ex parte Hayes,* 931 S.W.2d 721, 722 (Tex.App.—Fort Worth 1996, pet. ref'd).

We have recently held that *Bauder* requires a two-step analysis to determine whether a second trial is jeopardy barred because the State intentionally or recklessly caused a mistrial. *See Primrose,* 950 S.W.2d at 778. First, we must decide whether the trial court was required to grant the defendant's motion for mistrial. *See id.* Because the grant of a mistrial "ought to be an exceedingly uncommon remedy," a subsequent trial is not jeopardy barred where the trial court did not have to grant the defendant's motion for mistrial. *Id.*(quoting *Bauder,* 921 S.W.2d at 698). But if—and only if—the mistrial was required, we must then determine whether the events requiring the mistrial were the product of the prosecutor's deliberate or reckless conduct. If the prosecutor intentionally or recklessly caused the mistrial, double jeopardy bars retrial. *See id.*

## GROUNDS FOR MISTRIAL

 A prosecutor has an affirmative duty to disclose exculpatory evidence that is material either to guilt or punishment. *See Brady v. Maryland,* 373 U.S. 83, 86, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (1963); *McFarland v. State,* 928 S.W.2d 482, 511 (Tex.Crim.App.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997). Evidence is exculpatory if it tends to excuse or clear the defendant from the alleged guilt. *See McKenzie v. State,* 617 S.W.2d 211, 217 (Tex.Crim.App. [Panel Op.] 1981); *Brown v. State,* 475 S.W.2d 938, 955 (Tex.Crim.App. 1971), *overruled on other grounds, Bradford v. State,* 608 S.W.2d 918 (Tex.Crim.App. [Panel Op.] 1980); *Riley v. State,* 953 S.W.2d 354, 359 (Tex.App.—Austin 1997, pet. ref'd). Exculpatory evidence is material if there is a reasonable probability that its disclosure would have led to a different outcome in the proceeding. *See McFarland,* 928 S.W.2d at 511. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the trial. *See id.* Due

process is violated if the prosecutor (1) fails to disclose evidence, (2) favorable to the accused, (3) that creates a probability of a different outcome. *See United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481, 494 (1985); *McFarland,* 928 S.W.2d at 511. An appellant must meet all three criteria to show that the failure to disclose evidence is so egregious that he has been denied due process and is entitled to a mistrial. *See McFarland,* 928 S.W.2d at 511. Thus, in order to prevail on appeal, Dixon must show that (1) a mistrial was required because he could not receive a fair trial after the State failed to disclose exculpatory, material evidence, and (2) the failure to disclose was due to the prosecution's intentional or reckless conduct.

### ANALYSIS

The trial judge in this case found that the test results on the shell casings and marijuana are exculpatory and therefore constituted *Brady* information that should have been disclosed prior to Dixon's trial. Neither Dixon nor the State disputed this finding at the habeas hearing. On appeal, however, the State argues that the evidence in the reports is not exculpatory and thus no mistrial was required.

 We turn first to the report received from the crime laboratory, which indicated that the test results were inconclusive as to whether the cartridge casings were fired from the same gun. As noted above, evidence is exculpatory where it negates a defendant's guilt or mitigates the offense. However, evidence that is *inconclusive,* by definition, does not tend to clear or excuse a defendant from guilt in an offense. Indeed, the fact that the test *could not determine* whether the casings were fired from the same gun has no bearing whatsoever on whether Dixon committed the murder in question. Consequently, we find that the test results on the bullet casings are not exculpatory and thus the prosecution had no duty to disclose the results.

Next, we consider the DPS report on the substance seized during the inventory of Dixon's car. Evidence is only exculpatory if it tends to clear or excuse a defendant of the *alleged offense.* Had Dixon been on trial for possession of marijuana, this evidence would undoubtedly be exculpatory and the State would have a duty to disclose it. However, Dixon was on trial for murder, not possession of marijuana. The State's duty to turn over exculpatory information is limited to evidence related to the charged offense, and does not extend to evidence of extraneous offenses that the State may introduce at punishment. Thus, the DPS report is not exculpatory as to the alleged offense and thus the prosecution had no duty to disclose it to the defense.

### CONCLUSION

Because Dixon failed to meet his burden at the habeas hearing to show that a mistrial was required due to the prosecution's intentional or reckless failure to disclose exculpatory, material evidence, we hold that double jeopardy does not bar Dixon's retrial for murder. Accordingly, we overrule his point on appeal and affirm the trial court's denial of habeas relief.