Ex Parte Eckrich 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-133-CR

EX PARTE 

JUSTIN DAVID ECKRICH

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY 

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Justin David Eckrich appeals from the trial court’s denial of habeas corpus relief based on his claim that the information charging him with an offense was defective.  We will affirm.

Appellant was charged by felony information with one count of possession of a controlled substance with intent to deliver and a second count of possession of a controlled substance.  The first count of the information alleged that on or about September 28, 2001, appellant possessed four grams or more but less than four hundred grams of “a controlled substance, namely 3,4-theylenedioxy methamphetamine,” with intent to deliver.  The second count charged appellant with possession of “a controlled substance, namely 3,4-mehtylenedioxy methamphetamine.”
(footnote: 2)  On October 11, 2001, appellant pleaded guilty to the first count of the information; the trial court deferred adjudication, placed appellant on community supervision for a six-year period, and assessed a one thousand dollar fine.

On March 19, 2004, the trial court held a community supervision revocation hearing at which appellant pleaded true to two grounds for revocation alleged by the State: failure to avoid injurious or vicious habits and failure to report to his supervision officer.  The trial court adjudicated appellant’s guilt, revoked community supervision, and sentenced appellant to five years’ confinement.  The trial court’s judgment states that appellant was convicted of possession of a controlled substance with intent to deliver, “namely: 3,4 theylenedioxy methamphetamine.”

Immediately following the adjudication of guilt but before the revocation of community supervision, the trial court held a hearing on appellant’s request for habeas corpus relief, in which appellant argued that he was being illegally restrained by an illegal sentence because he was placed on deferred adjudication supervision for an offense with which he was never charged.  The trial court denied appellant’s requested relief, and appellant now brings this appeal.

We have jurisdiction to review a trial court’s decision to deny habeas corpus relief from an order that defers adjudication of guilt. 
 Ex parte McCullough
, 966 S.W.2d 529, 532 (Tex. Crim. App. 1998)
.  
Viewing the evidence in the light most favorable to the ruling and giving substantial deference to the trial court’s findings and conclusions, we review the record as it existed before the trial court at the hearing on appellant’s request for habeas corpus relief to determine whether the trial court erred in failing to grant relief.  
See Ex parte Lafon
, 977 S.W.2d 865, 867 (Tex. App.—Dallas 1998, no pet.)
; Ex parte Dixon
, 964 S.W.2d 719, 722 (Tex. App.—Fort Worth 1998, pet. ref'd)
. 
 Absent a clear abuse of discretion, we accept the trial court’s decision on whether to grant the relief requested in a habeas corpus application.  
Ex parte Spaulding
, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); 
Ex parte Mann
, 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.).

In support of his application, appellant first referred to the State’s felony information, which charged him with possession with intent to deliver “3,4-theylenedioxy methamphetamine.”  Appellant contended that because this substance is not listed in the Controlled Substances Act
(footnote: 3) (“CSA”) and is not contained in a penalty group of the CSA, the information did not charge a felony offense of possession of a controlled substance.  Consequently, appellant argued that he was placed on deferred adjudication supervision for a crime with which he was never charged and to which he never pleaded guilty. 

Appellant conceded that he did plead guilty to a drug offense, but he argued that the offense charged in the information to which he pleaded guilty was a state jail felony under the Dangerous Drug Act.
(footnote: 4) 
 
Appellant contended that because the substance he was alleged to have possessed was not identified as a controlled substance in the CSA, the substance was not a controlled substance but a “dangerous drug.”  Appellant further asserted that the information charged only a state jail felony because the Dangerous Drug Act provides that the “punishment range for delivery of a substance not distinctly listed in Schedules I through V [of the CSA] would be a State Jail Felony.”

The State’s response to appellant’s argument pointed out the basic issue in this appeal: a misspelled word.  At the writ hearing, the trial court found that the information spelled the name of the controlled substance as “3,4-theylenedioxy methamphetamine,” but the correct spelling is “3,4-methylenedioxy methamphetamine.” 
 
3,4-methylenedioxy methamphetamine is more commonly known as Ecstacy or MDMA.  
See
 Nora D. Volkow, M.D., 
Letter from the Director
,
 Res. Rep. Series 
(Nat’l Inst. on Drug Abuse, Bethesda, Md.), April 2004, at 1.  3,4-methylenedioxy methamphetamine is listed in the CSA’s Penalty Group 2, and p
ossession with intent to deliver four or more grams but less than 400 grams of this drug is a first degree felony under the CSA.  
Tex. Health & Safety Code Ann.
 §§ 481.103(a)(1), 481.113(a), (d).
  The trial court also found that there was no evidence that “3,4-theylenedioxy methamphetamine,” as spelled in the information, is the correct spelling of any substance or dangerous drug.

A written instrument is an information under the Texas Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute.  
Duron v. State
, 956 S.W.2d 547, 550 (Tex. Crim. App. 1997).  Furthermore, a charging instrument is not invalidated by a misspelled word if it nevertheless provides the necessary notice of the statutory offense with which the defendant is charged.  
See
, 
e.g.
, 
Fitts v. State
, 982 S.W.2d 175, 184 (Tex. App.—Houston [1st
 Dist.] 1998, pet. ref’d) (overruling challenge to indictment alleging murder for “renumeration” instead of “remuneration” because it was clear from the indictment that the intended term was “remuneration”); 
Cantu v. State
, 944 S.W.2d 669, 671 (Tex. App.—Corpus Christi 1997, pet. ref’d) (overruling challenge to indictment alleging possession of “herion” instead of “heroin” because the meaning could not have been mistaken and the defendant was not prejudiced in the preparation of his defense).  

Although the information in this case misspelled the scientific name of the drug that appellant was accused of possessing, before entering his original plea of guilty appellant did not object to the information or argue that he did not know the charges against him.  Additionally, the information charged possession with intent to deliver four or more grams but less than 400 grams of a controlled substance; as the State pointed out, the CSA criminalizes possession of this particular range of amounts only for drugs listed in Penalty Group 2.  
See
 
Tex. Health & Safety Code Ann.
 § 481.113(d).  Given the fact that “3,4-theylenedioxy methamphetamine” is not the correct spelling of any substance, and given the close similarity of the drug as spelled in the indictment and the drug as correctly spelled and the specific range of amounts alleged, there could be no mistaking that the information charged possession of a Penalty Group 2 substance with intent to deliver.  
See Fitts
, 982 S.W.2d at 184 (holding that the indictment charging murder for “renumeration” clearly intended to charge murder for “remuneration,” based on the close similarity of the two words and the subsequent description of the insurance policy proceeds in the indictment).

Furthermore, appellant’s direct testimony at his plea hearing indicated that, despite the misspelling in the information, appellant actually knew and understood the charge to which he was pleading guilty:

Q. Mr. Eckrich, is it true that in Tarrant County, Texas, on or about the 28
th
 day of September 2001, that you did then and there intentionally or knowingly possess
 a controlled substance
, namely three 
methylenedioxymethamphtamine 
[sic],
 commonly known as Ecstacy
, of four grams or more, but less than 400 grams, including any adulterants or dilutants with the intent to deliver that controlled substance; is all of that true?

A. Yes, ma’am.  [Emphasis added.]

Accordingly, the information properly charged appellant with a first degree felony offense under the CSA.  
See
 
Tex. Health & Safety Code Ann.
 § 481.113(a), (d); 
Duron v. State
, 956 S.W.2d at 550.  Therefore, the trial court entered judgment against appellant on the information as alleged and presented to the court and not, as appellant contended, on an information “as the State would want to amend it after the fact.”

Moreover, contrary to appellant’s assertion that the information actually charged an offense under the Dangerous Drug Act instead of the CSA, the information could not have charged a Dangerous Drug Act violation because it did not allege why “3,4-theylenedioxy methamphetamine” would be a dangerous drug.  
See
 
Ex parte Charles
, 582 S.W.2d 836, 837 (Tex. Crim. App. 1979) (holding that a charging instrument fails to allege an offense when it does not allege facts showing why the substance is a dangerous drug); 
Tex. Health & Safety Code Ann.
 § 483.001(2) (stating that a “dangerous drug” means a drug that is unsafe for self-medication and that is not named in the CSA).  We overrule appellant’s first argument on appeal.

Secondly, appellant pointed out that the conditions signed by the trial court set conditions of community supervision for the offense of possession with intent to deliver, but the name of the drug was crossed out and “MEHTYLENEDIOXY” was written in its place.  As this spelling is found in count two of the information, appellant argued that the conditions of community supervision impermissibly combined allegations from both counts of the information to set conditions of probation, “creat[ing] a third crime not charged in the Information consistent with due process of law.”

Again, the impetus for appellant’s argument is a misspelled word.  “Mehtylenedioxy,” as spelled in count two, is slightly more accurate than count one’s “theylenedioxy,” but both fall short of the correct spelling of the drug: methylenedioxy.  Viewing the conditions of community supervision document in context, we note that the document was signed by both the trial court and appellant the same day that the trial court accepted appellant’s plea of guilty to count one of the information.  Furthermore, the conditions of supervision ordered by the trial court were recommended by the State in exchange for appellant’s plea of guilty to count one of the information, and appellant told the court that he understood and agreed to the State’s recommendation.  A review of the entire record indicates that the trial court did not order conditions of probation for any offense other than that charged in the first count of the information, to which appellant pleaded guilty.  We overrule appellant’s second argument.

Having overruled all of appellant’s arguments on appeal, we need not further address the State’s arguments from the writ hearing.  
See 
Tex. R. App. P.
 47.1 (stating that appellate court 
need only address issues necessary to final disposition of appeal). 
 We affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 17, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The information did not name the amount of the controlled substance that appellant was charged in the second count with possessing, and the record does not reflect that appellant was ever convicted on the second count.

3:
Tex. Health & Safety Code Ann.
 §§ 481.101-.205 (Vernon 2003). 

4:
Id.
 §§ 483.001-.076.