COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-04-133-CR
 
 
EX 
PARTE
 
 
JUSTIN 
DAVID ECKRICH
 
 
------------
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION[1]
------------
        Appellant 
Justin David Eckrich appeals from the trial court’s denial of habeas corpus 
relief based on his claim that the information charging him with an offense was 
defective.  We will affirm.
        Appellant 
was charged by felony information with one count of possession of a controlled 
substance with intent to deliver and a second count of possession of a 
controlled substance.  The first count of the information alleged that on 
or about September 28, 2001, appellant possessed four grams or more but less 
than four hundred grams of “a controlled substance, namely 3,4-theylenedioxy 
methamphetamine,” with intent to deliver.  The second count charged 
appellant with possession of “a controlled substance, namely 
3,4-methylenedioxy methamphetamine.”[2]  On 
October 11, 2001, appellant pleaded guilty to the first count of the 
information; the trial court deferred adjudication, placed appellant on 
community supervision for a six-year period, and assessed a one thousand dollar 
fine.
        On 
March 19, 2004, the trial court held a community supervision revocation hearing 
at which appellant pleaded true to two grounds for revocation alleged by the 
State: failure to avoid injurious or vicious habits and failure to report to his 
supervision officer.  The trial court adjudicated appellant’s guilt, 
revoked community supervision, and sentenced appellant to five years’ 
confinement.  The trial court’s judgment states that appellant was 
convicted of possession of a controlled substance with intent to deliver, 
“namely: 3,4 theylenedioxy methamphetamine.”
        Immediately 
following the adjudication of guilt but before the revocation of community 
supervision, the trial court held a hearing on appellant’s request for habeas 
corpus relief, in which appellant argued that he was being illegally restrained 
by an illegal sentence because he was placed on deferred adjudication 
supervision for an offense with which he was never charged.  The trial 
court denied appellant’s requested relief, and appellant now brings this 
appeal.
        We 
have jurisdiction to review a trial court’s decision to deny habeas corpus 
relief from an order that defers adjudication of guilt.  Ex parte 
McCullough, 966 S.W.2d 529, 532 (Tex. Crim. App. 1998).  Viewing the 
evidence in the light most favorable to the ruling and giving substantial 
deference to the trial court’s findings and conclusions, we review the record 
as it existed before the trial court at the hearing on appellant’s request for 
habeas corpus relief to determine whether the trial court erred in failing to 
grant relief.  See Ex parte Lafon, 977 S.W.2d 865, 867 (Tex. 
App.—Dallas 1998, no pet.); Ex parte Dixon, 964 S.W.2d 719, 722 (Tex. 
App.—Fort Worth 1998, pet. ref'd).  Absent a clear abuse of discretion, 
we accept the trial court’s decision on whether to grant the relief requested 
in a habeas corpus application.  Ex parte Spaulding, 612 S.W.2d 509, 
511 (Tex. Crim. App. 1981); Ex parte Mann, 34 S.W.3d 716, 718 (Tex. 
App.—Fort Worth 2000, no pet.).
        In 
support of his application, appellant first referred to the State’s felony 
information, which charged him with possession with intent to deliver 
“3,4-theylenedioxy methamphetamine.”  Appellant contended that because 
this substance is not listed in the Controlled Substances Act[3] 
(“CSA”) and is not contained in a penalty group of the CSA, the information 
did not charge a felony offense of possession of a controlled substance. 
Consequently, appellant argued that he was placed on deferred adjudication 
supervision for a crime with which he was never charged and to which he never 
pleaded guilty.
        Appellant 
conceded that he did plead guilty to a drug offense, but he argued that the 
offense charged in the information to which he pleaded guilty was a state jail 
felony under the Dangerous Drug Act.[4]  
Appellant contended that because the substance he was alleged to have possessed 
was not identified as a controlled substance in the CSA, the substance was not a 
controlled substance but a “dangerous drug.”  Appellant further 
asserted that the information charged only a state jail felony because the 
Dangerous Drug Act provides that the “punishment range for delivery of a 
substance not distinctly listed in Schedules I through V [of the CSA] would be a 
State Jail Felony.”
        The 
State’s response to appellant’s argument pointed out the basic issue in this 
appeal: a misspelled word.  At the writ hearing, the trial court found that 
the information spelled the name of the controlled substance as 
“3,4-theylenedioxy methamphetamine,” but the correct spelling is 
“3,4-methylenedioxy methamphetamine.”  3,4-methylenedioxy 
methamphetamine is more commonly known as Ecstacy or MDMA.  See Nora 
D. Volkow, M.D., Letter from the Director, Res. Rep. Series (Nat’l Inst. on Drug 
Abuse, Bethesda, Md.), April 2004, at 1.  3,4-methylenedioxy 
methamphetamine is listed in the CSA’s Penalty Group 2, and possession with 
intent to deliver four or more grams but less than 400 grams of this drug is a 
first degree felony under the CSA.  Tex. 
Health & Safety Code Ann. §§ 481.103(a)(1), 481.113(a), (d).  
The trial court also found that there was no evidence that “3,4-theylenedioxy 
methamphetamine,” as spelled in the information, is the correct spelling of 
any substance or dangerous drug.
        A 
written instrument is an information under the Texas Constitution if it accuses 
someone of a crime with enough clarity and specificity to identify the penal 
statute under which the State intends to prosecute.  Duron v. State, 
956 S.W.2d 547, 550 (Tex. Crim. App. 1997).  Furthermore, a charging 
instrument is not invalidated by a misspelled word if it nevertheless provides 
the necessary notice of the statutory offense with which the defendant is 
charged.  See, e.g., Fitts v. State, 982 S.W.2d 175, 
184 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) (overruling 
challenge to indictment alleging murder for “renumeration” instead of 
“remuneration” because it was clear from the indictment that the intended 
term was “remuneration”); Cantu v. State, 944 S.W.2d 669, 671 (Tex. 
App.—Corpus Christi 1997, pet. ref’d) (overruling challenge to indictment 
alleging possession of “herion” instead of “heroin” because the meaning 
could not have been mistaken and the defendant was not prejudiced in the 
preparation of his defense).
        Although 
the information in this case misspelled the scientific name of the drug that 
appellant was accused of possessing, before entering his original plea of guilty 
appellant did not object to the information or argue that he did not know the 
charges against him.  Additionally, the information charged possession with 
intent to deliver four or more grams but less than 400 grams of a controlled 
substance; as the State pointed out, the CSA criminalizes possession of this 
particular range of amounts only for drugs listed in Penalty Group 2.  See 
Tex. Health & Safety Code Ann. 
§ 481.113(d). Given the fact that “3,4-theylenedioxy methamphetamine” is 
not the correct spelling of any substance, and given the close similarity of the 
drug as spelled in the indictment and the drug as correctly spelled and the 
specific range of amounts alleged, there could be no mistaking that the 
information charged possession of a Penalty Group 2 substance with intent to 
deliver.  See Fitts, 982 S.W.2d at 184 (holding that the indictment 
charging murder for “renumeration” clearly intended to charge murder for 
“remuneration,” based on the close similarity of the two words and the 
subsequent description of the insurance policy proceeds in the indictment).
        Furthermore, 
appellant’s direct testimony at his plea hearing indicated that, despite the 
misspelling in the information, appellant actually knew and understood the 
charge to which he was pleading guilty:
 
Q.     
Mr. Eckrich, is it true that in Tarrant County, Texas, on or about the 28th 
day of September 2001, that you did then and there intentionally or knowingly 
possess a controlled substance, namely three methylenedioxymethamphtamine 
[sic], commonly known as Ecstacy, of four grams or more, but less than 
400 grams, including any adulterants or dilutants with the intent to deliver 
that controlled substance; is all of that true?
 
A.     
Yes, ma’am. [Emphasis added.]
 
Accordingly, 
the information properly charged appellant with a first degree felony offense 
under the CSA.  See Tex. 
Health & Safety Code Ann. § 481.113(a), (d); Duron, 956 
S.W.2d at 550. Therefore, the trial court entered judgment against appellant on 
the information as alleged and presented to the court and not, as appellant 
contended, on an information “as the State would want to amend it after the 
fact.”
        Moreover, 
contrary to appellant’s assertion that the information actually charged an 
offense under the Dangerous Drug Act instead of the CSA, the information could 
not have charged a Dangerous Drug Act violation because it did not allege why 
“3,4-theylenedioxy methamphetamine” would be a dangerous drug.  See 
Ex parte Charles, 582 S.W.2d 836, 837 (Tex. Crim. App. 1979) (holding 
that a charging instrument fails to allege an offense when it does not allege 
facts showing why the substance is a dangerous drug); Tex. Health & Safety Code Ann. § 
483.001(2) (stating that a “dangerous drug” means a drug that is unsafe for 
self-medication and that is not named in the CSA).  We overrule 
appellant’s first argument on appeal.
        Secondly, 
appellant pointed out that the conditions signed by the trial court set 
conditions of community supervision for the offense of possession with intent to 
deliver, but the name of the drug was crossed out and “METHYLENEDIOXY” was 
written in its place.  As this spelling is found in count two of the 
information, appellant argued that the conditions of community supervision 
impermissibly combined allegations from both counts of the information to set 
conditions of probation, “creat[ing] a third crime not charged in the 
Information consistent with due process of law.”
        Again, 
the impetus for appellant’s argument is a misspelled word. “Methylenedioxy,” 
as spelled in count two, is slightly more accurate than count one’s “theylenedioxy,” 
but both fall short of the correct spelling of the drug: methylenedioxy.  
Viewing the conditions of community supervision document in context, we note 
that the document was signed by both the trial court and appellant the same day 
that the trial court accepted appellant’s plea of guilty to count one of the 
information.  Furthermore, the conditions of supervision ordered by the 
trial court were recommended by the State in exchange for appellant’s plea of 
guilty to count one of the information, and appellant told the court that he 
understood and agreed to the State’s recommendation.  A review of the 
entire record indicates that the trial court did not order conditions of 
probation for any offense other than that charged in the first count of the 
information, to which appellant pleaded guilty.  We overrule appellant’s 
second argument.
        Having 
overruled all of appellant’s arguments on appeal, we need not further address 
the State’s arguments from the writ hearing.  See Tex. R. App. P. 47.1 (stating that 
appellate court need only address issues necessary to final disposition of 
appeal).  We affirm the trial court’s judgment.
 
 
                                                                  PER 
CURIAM
 
 
PANEL 
F:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 17, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The information did not name the amount of the controlled substance that 
appellant was charged in the second count with possessing, and the record does 
not reflect that appellant was ever convicted on the second count.
3.  
Tex. Health & Safety Code Ann. 
§§ 481.101-.205 (Vernon 2003).
4.  
Id. §§ 483.001-.076.