# DISSENTING OPINION

No. 04-08-00226-CR

Lavonne **BYRD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 206448
Honorable Sarah Garrahan-Moulder, Judge Presiding

Opinion by:  Steven C. Hilbig, Justice
Dissenting opinion by:  Rebecca Simmons, Justice, joined by Catherine Stone, Chief Justice, and
 Sandee Bryan Marion, Justice

Sitting en banc:  Catherine Stone, Chief Justice
  Karen Angelini, Justice
  Sandee Bryan Marion, Justice
  Phylis Speedlin, Justice
  Rebecca Simmons, Justice
  Steven C. Hilbig, Justice
  Marialyn Barnard, Justice

Delivered and Filed: April 21, 2010

Although this misdemeanor case seems small, the ramification of the majority opinion is

large.  In this case the jury was charged to find the defendant guilty if the State proved, beyond a

reasonable doubt, that Lavonne Byrd:

> "with the intent to deprive the owner, Mike Morales, of property, . . . did
> unlawfully, without the effective consent of the owner, Mike Morales, appropriate
> said property by acquiring and otherwise exercising control over said property . . .

Without any evidence in the record identifying Mike Morales or linking Mike Morales to the

property at issue, the jury returned a guilty verdict.  This is an astonishing result.  The

consequence of the majority opinion is to permit the conviction of a defendant for theft without

regard to the identity of the owner. I must respectfully dissent because I believe the case reflects a failure of proof rather than a variance. But even if the case is analyzed under variance parameters, the variance is material. The majority opinion reaches its conclusion that the variance is immaterial by misinterpreting the Court of Criminal Appeals' opinion in *Bailey v. State*, 87 S.W.3d 122 (Tex. Crim. App. 2002). In no recorded case has a court ever held a defendant guilty of theft absent proof of ownership as alleged and charged. There are plenty of cases to the contrary pointing out that failure to establish ownership in the person or entity alleged as owner results in a failure of proof. *See Freeman v. State*, 707 S.W.2d 597, 602 (Tex. Crim. App. 1986); *Hudson v. State*, 675 S.W.2d 507, 513 (Tex. Crim. App. 1984) (Odom, J., dissenting) (citing *Compton v. State*, 607 S.W.2d 246, 250 (Tex. Crim. App. 1980)) ("[I]t is essential that the relationship of the alleged special owner to the property and its true owner be shown."). But whether the error in this case is characterized as a material variance or a failure of proof, the case should be reversed.

## BACKGROUND

As the majority sets out, the jury charge mirrored the information in naming Mike Morales as the owner of the property. However, at trial, the State presented evidence that Wal-Mart was the owner of the property but no evidence regarding Mike Morales or his relationship to Wal-Mart or to the property. On appeal, Byrd asserts the State was required to prove Mike Morales, the person named as owner in the charging instrument, was the actual owner of the property; and, because it did not so prove, the evidence is legally insufficient to support the conviction. I agree.

## ARGUMENT AND AUTHORITIES

### A. Proof of Variance

I agree with the majority on the elements of theft: (1) a person (2) with intent to deprive the owner of property (3) unlawfully appropriates the property. *Ex parte Luna*, 784 S.W.2d 369, 371 (Tex. Crim. App. 1990). I also agree with the majority that the State must prove that there is an owner, and that when known, "personal property alleged in an indictment shall be identified by name, kind, number, and *ownership*." TEX. CODE CRIM. PROC. ANN. art. 21.09 (Vernon 2009) (emphasis added); *see also Freeman*, 707 S.W.2d at 602 ("It is now axiomatic that the name of the title owner of the property or the lawful possessor of the property from whom it was unlawfully taken must be alleged in the charging instrument."). When a corporation owns property that has been stolen, the preferable pleading practice is to allege ownership in an individual acting for the corporation rather than alleging ownership in the corporation. *Sowders v. State*, 693 S.W.2d 448, 451 (Tex. Crim. App. 1985); *Commons v. State*, 575 S.W.2d 518, 520 (Tex. Crim. App. [Panel Op.] 1978), *overruled on other grounds by Johnson v. State*, 606 S.W.2d 894 (Tex. Crim. App. 1980).

In *Gollihar*, the court of criminal appeals addressed the sufficiency implications of a variation between the indictment and the evidence at trial. *Gollihar v. State*, 46 S.W.3d 243, 254-55 (Tex. Crim. App. 2001). "A 'variance' occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial." *Gollihar*, 46 S.W.3d at 246. In determining whether the evidence is legally insufficient, only a material variance requires reversal because only a material variance prejudices a defendant's substantial rights. *Fuller v. State*, 73 S.W.3d 250, 263 (Tex. Crim. App. 2002) (Keasler, J., dissenting) (citing *Gollihar*, 46 S.W.3d at 247-48). In deciding if the variance is material, an appellate court looks to "whether

the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime." *Gollihar*, 46 S.W.3d at 257 (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000) (footnotes omitted)).  Thus, the issue before the court in this case is: (1) whether the variance deprived the defendant of notice of the charges; or (2) whether the variance subjects the defendant to the risk of later being prosecuted for the same offense.  *See id.* at 257, *Fuller*, 73 S.W.3d at 253.  The majority's analysis fails to correctly analyze the second prong of this materiality analysis – the risk of later being prosecuted for the same offense.

## A.  Material Variance

### 1.  Double Jeopardy

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V.  The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction. *Reynolds v. State*, 4 S.W.3d 13, 19 (Tex. Crim. App. 1999); *accord Ex parte Dixon*, 964 S.W.2d 719, 722 (Tex. App.—Fort Worth 1998, pet. ref'd).  It has long been held that an acquittal of a defendant on a charge of theft, because of a lack of proof of an alleged owner, does not bar the prosecution of the defendant on a subsequent charge of theft from the rightful owner.  *See Smotherman v. State*, 415 S.W.2d 430, 431 (Tex. Crim. App. 1967) (former acquittal did not bar subsequent prosecution where different owner alleged); *Branch v. State*, 20 Tex. Ct. App. 599 (1886) (appellant acquitted of stealing horse from Fabian Flores, subsequently indicted and convicted for the same horse theft, but from a different owner, Antonio Flores).  In the more recent case of *Bailey v. State*, the court concluded that double jeopardy did not preclude the

prosecution of the appellants for theft from the rightful owner when they were previously prosecuted for the same theft from an entity with no ownership interest. *Bailey*, 87 S.W.3d at 126-27. Despite the majority's attempt to distinguish *Bailey*, it is precisely on point and controlling on the issue of double jeopardy.

In *Bailey*, the court had to determine "whether re-indicting appellants for the same course of conduct while alleging a different victim" constituted double jeopardy. *Id* at 126. The State first indicted the defendants for engaging in organized criminal activity involving theft from the City of Houston. During trial, the court granted an acquittal because the State not only failed to put on evidence of the theft of money from the City of Houston, but rather, had introduced evidence that the theft was from a different owner—a contractor who was reimbursed by the City of Houston. *Id.* at 125. The State subsequently re-indicted the defendants for the same theft of property, but named the contractor as the owner of the property. The Court of Criminal Appeals rejected the argument that the second prosecution was barred by double jeopardy principles. "Evidence that appellants stole money from [the contractor] would not sustain a conviction under the indictment alleging the victim to be the City of Houston. In other words, proof of one will not prove the other. Thus, the offenses are not the same for double jeopardy purposes." *Id.* at 127 (citation omitted). Under *Bailey* and its predecessors, and on the record before us, the State could prosecute Byrd for the same course of conduct by naming Wal-Mart or another employee as the owner.

The majority attempts to distinguish *Bailey* because it relies, in part, on cases decided prior to *Malik* and *Gollihar*, but *Bailey* was decided after *Malik* and *Gollihar*. *Bailey* clearly acknowledges that the owner of the stolen property may be used to distinguish one offense from another. *Id*, In double jeopardy parlance, the owner defines the "allowable unit of prosecution."

*See Sanabria v. United State*s, 437 U.S. 54, 69 (1978). Although the majority characterizes theft as an offense against property with the gravamen of the offense "the property taken, not the victim involved," clearly the owner likewise defines an allowable unit of prosecution. The majority may disagree with the Court of Criminal Appeals holding in *Bailey*, but its application to the present case cannot be avoided.

There is no question that this case presents a unique circumstance. Based on the evidence in the record, Morales has no relation to Wal-Mart. As the *Bailey* court explained, the evidence showing Byrd stole items from one victim will not sustain a conviction under an indictment alleging a different victim. *Bailey*, 87 S.W.3d at 127. "In other words, proof of one will not prove the other." *Id.*; *see also Ex parte Gonzalez*, 147 S.W.3d 474, 477 (Tex. App.—San Antonio 2004, pet. ref'd) ("With conduct-oriented statutes, each victim is the allowable unit of prosecution."). Had the State proved that Morales was the manager of Wal-Mart and thus, a special owner, double jeopardy would have precluded any subsequent prosecution of Byrd for the same course of conduct. *See Ex parte Coleman*, 940 S.W. 2d 96, 100 (Tex. Crim. App. 1996).

### 2. *Hypothetically Correct Jury Charge*

Having determined the State's allegation of Morales as owner was material and must be proven, Morales' name must be included in the hypothetically correct jury charge. *See Gollihar*, 46 S.W.3d at 257 (allegations giving rise to material variances must be included in hypothetically correct jury charge). In the context of this case, the hypothetically correct jury charge mirrors the charge actually given to the jury that named Mike Morales as the owner. The State was, therefore, required to prove that Morales was the owner of the property. The State presented four witnesses—two police officers and two loss prevention officers from Wal-Mart. But the record is silent regarding Morales—there was no testimony regarding Morales's identity,

his employment with Wal-Mart, any description of his responsibilities with Wal-Mart, or that he possessed a greater right to the property than did Byrd. Although the State may have proved that the property was owned by Wal-Mart, the State failed to prove that Mike Morales was the owner of the property, or more specifically that Mike Morales had a greater right to possession of the property than did Byrd. Because the evidence is legally insufficient to convict Byrd under the standard set forth in *Gollihar*, I respectfully dissent.

Rebecca Simmons, Justice

Publish